**Homer HUDDLESTON, Appellant,**

v.

**Betty Burr McCOMAS, Appellee.**

**No. 13957.**

United States Court of Appeals
Sixth Circuit.

April 19, 1960.

Parker W. Duncan, Bowling Green, Ky., and Paul Carter, Tompkinsville, Ky., for appellant.

John S. Cary, Burkesville, Ky., and Cornelius W. Grafton, of Wyatt, Grafton & Grafton, Louisville, Ky., for appellees.

Before MARTIN and WEICK, Circuit Judges, and HOLLAND, Senior District Judge.

PER CURIAM.

On January 21, 1955, in a condemnation suit then pending in the United States District Court for the Western District of Kentucky, an award of just compensation for the taking of an easement across a Kentucky farm was made by a final order. This order determined the matter as to whom the compensation should be paid. In so doing, the Court construed the will of A. A. Huddleston, deceased. There has been no appeal from that order and it has become final.

There is now pending in the Cumberland Circuit Court of Kentucky an action for declaratory judgment seeking a determination with respect to the ownership of the fee simple title to said farm. In said state court action, the appellee, Betty Burr McComas, has pleaded the order of the District Court in said condemnation action entered on January 21, 1955, as res adjudicata with respect to the construction of said will and the ownership of the fee simple title to said farm.

The present action was commenced in the District Court on January 14, 1959, and seeks to set aside the order of the District Court entered in said condemnation action on January 21, 1955, and to order the fund theretofore distributed paid to the appellant. The purpose of the present action was to eliminate any question of the order in the condemnation action being res adjudicata or binding on the state court. The relief is sought under Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The District Court in the present action granted appellee's motion for summary judgment and dismissed the complaint. We think this was proper, but not for the reasons set forth by appellee in said motion.

Appellant had a right to appeal from the order of January 21, 1955, in said condemnation action, but did not do so. He cannot use the present action as a substitute for appeal. We find no basis for allowing relief under Rule 60 (b).

Furthermore, it is not necessary to vacate the order of January 21, 1955, because the order is clearly not res adjudicata of the issues of title involved in the state court action. In the condemnation action, appellant was served with notice in the state of Texas where he resided. This was authorized under Rule 71A(d) (3) (i) of the Federal Rules of Civil Procedure. Appellant did not enter his appearance in said action.

In the notes of the Advisory Committee on Rules, it is stated:

"While under Rule 4(f) the territorial limits of a summons are normally the territorial limits of the state in which the district court is held, the territorial limits for personal service of a notice under Rule 71A(d) (3) are those of the nation. This extension of process is here proper since the aim of the condemnation proceedings is not to en-

force any personal liability and the property owner is helped, not imposed upon, by the best type of service possible."

Since no personal liability could have been imposed on appellant in the condemnation action, his rights in the farm could only be affected with respect to the interest condemned (easement) and the distribution of the fund. The District Court had no jurisdiction with this type of service of notice to bar him from any other interest he may have had in the residue of said farm not appropriated. Cf. Hart v. Sansom, 110 U.S. 151, 3 S.Ct. 586, 28 L.Ed. 101. It did not undertake to do so.

The state court in determining the issue of title to the residue of said farm is, therefore, not concluded by the order of the District Court and is free to adjudicate the issues of title between the parties in accordance with Kentucky law.

The judgment of the District Court is affirmed.