293 N.E.2d 788 (1973)
SOFT WATER UTILITIES, INC., Charles Farrell and Noble W. Hurst, Appellants,
v.
Richard L. LE FEVRE, Appellee.
No. 1-1072A88.
Court of Appeals of Indiana, First District.
March 26, 1973.
Rehearing Denied April 25, 1973.
J.A. Bruggeman, Douglas E. Miller, James M. Prickett, Barrett, Barrett & McNagny, Fort Wayne, for appellants.
James L. Lowry, Stevenson, Kendall & Stevenson, Howard & Lowry, Danville, Rexell A. Boyd, Greencastle, for appellee.

ON APPELLEE'S MOTION TO DISMISS
PER CURIAM.
This cause is before the Court on the appellee's Motion To Dismiss Appeal, which alleges as cause therefor that the appellants did not timely file their praecipe in the trial court.
*789 The record reveals the following sequence of events:

 May 3, 1972 Judgment entered
 June 30, 1972 Motion to Correct Errors filed
 July 10, 1972 Motion to Correct Errors overruled
 August 15, 1972 Praecipe filed
 August 17, 1972 Appellee filed objections to praecipe and Motion To
 Strike Praecipe
 August 17, 1972 Court denied Motion for Appeal and Praecipe for
 Transcript
 August 28, 1972 Appellant filed Motion for Relief from Order of Court
 August 28, 1972 Court entered its Order, nunc pro tunc, that the date
 on which the Court overruled the Motion to Correct
 Errors be, and hereby is, changed from July 10,
 1972, to August 14, 1972.
 The Court further ordered, nunc pro tunc, that the
 previous Order denying defendant's Motion for Appeal
 and Praecipe be set aside.

The appellant alleged, both in the trial court in the Motion For Relief From Orders Of Court, and in this Court, in its Brief In Opposition To Appellee's Motion To Dismiss, that it received no notice of the Court's ruling on the Motion To Correct Errors until more than thirty days after the Court's ruling.
At the time the appellant first tendered its Praecipe for filing in the trial court, appellee filed his Objection To Attempted Filing of Praecipe For Transcript, alleging that more than thirty days had elapsed between the Court's ruling on the Motion To Correct Errors and the tendering of the praecipe for filing. Attached as an exhibit to appellee's said Objections was the affidavit of the clerk of the trial court in which the clerk stated:
"That on the 10th day of July, 1972, affiant did send by regular United States Mail, postage prepaid, notice of the Court's ruling on Defendant, Soft Water Utilities, Inc., motion to correct errors to all attorneys of record in the above cause of action, including Barrett, Barrett & McNagny, attorneys of record for Soft Water Utilities, Inc., which said ruling was entered of record on the docket in the above cause of action on July 10, 1972 ...
"Said notice was sent to attorneys for Defendant, Soft Water Utilities, Inc., Barrett, Barrett & McNagny, by this affiant, at their last known address, that being: 3rd Floor, Lincoln Bank Tower, Ft. Wayne, Indiana."
The above recited portions of the clerk's affidavit reflect that the clerk performed the duty imposed upon him by rule TR. 72(D), IC 1971, 34-5-1-1 of notifying Appellant's Counsel of the trial court's ruling on the Motion To Correct Errors.
This Court recognizes that sometimes mail goes astray and does not reach its intended destination. The affidavit of the Appellant's Attorney reflects that no notice of the Court's ruling was received from the clerk, and the only notice received was in a letter from the Judge, received some thirty-five days after the ruling.
Rule TR. 72(D) provides in part as follows:
"(D) Notice of orders or judgments. Immediately upon the entry of a ruling upon a motion, an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in the Appellate Rules ..." (Emphasis Added)
The crux of the problem in this case is again, as it has been in several recent cases, *790 the mandatory language of Rule AP. 2(A). Said rule reads as follows:
"(A) Initiation of the Appeal. An appeal is initiated by filing with the clerk of the trial court a praecipe designating what is to be included in the record of the proceedings, and that said praecipe shall be filed within thirty (30) days after the court's ruling on the Motion to Correct Errors or the right to appeal will be forfeited. A copy of such praecipe shall be served promptly on the opposing parties. (Amended Nov. 30, 1971, eff. as to all appeals where the Motion to Correct Errors is filed on or after April 1, 1972.)" (Emphasis Added)
In the recent case of In re Estate of Moore (1973), Ind. App., 291 N.E.2d 566, the trial judge changed the record to show the praecipe filed several days before it actually was filed. In this case, the trial judge changed the record to show that the Motion To Correct Errors was overruled several days later than it actually was overruled. In both cases, the purpose of changing the record appears to have been the same, namely, to circumvent the application of Rule AP. 2(A).
The language employed by the Supreme Court in its Rule AP. 2(A) is clear and definite.
"An appeal is initiated by filing with the clerk of the trial court a praecipe ..."
Without a praecipe being filed with the clerk, no appeal is begun.
"... said praecipe shall be filed within thirty (30) days after the court's ruling on the Motion To Correct Errors or the right to appeal will be forfeited." (Emphasis Added)
The language of this clause is mandatory, not permissive. When the praecipe is not filed within 30 days after the ruling on the Motion To Correct Errors in a civil case, the would be appellant may not proceed. He has forfeited his right to appeal.
The rules of the Supreme Court are binding on the courts as well as on the litigants. No court except the Supreme Court can alter, amend or change the rules. No inferior court may circumvent the rules and thereby avoid them.
The record before us shows on its face that more than thirty days elapsed between the date the trial court overruled the motion to correct errors, and the date on which appellant tendered its praecipe for filing. By operation of the rule therefore, the appellant forfeited its right to appeal. In our opinion, the fact that the appellant did not receive notice of the court's ruling, and the fact that the trial court later changed its record to accommodate the appellant, did not revive the appellant's right to appeal.
The appellee's Motion to Dismiss is sustained, and this cause is dismissed.