SOFT WATER UTILITIES, INC. *v.* RICHARD L. LE FEVRE.

[No. 1073S200. Filed October 10, 1973.]

*J. A. Bruggeman, Douglas E. Miller, James M. Prickett,* of Fort Wayne, for appellant.

*Kendall, Stevenson, Howard & Lowry,* of Danville, *Rexell A. Boyd,* of Greencastle, for appellee.

HUNTER, J.—This cause arises upon petition to transfer and presents one issue for our determination: Whether it is an abuse of the trial court's equitable discretion to change the date of ruling upon a motion to correct errors when there is a proper showing of reasons justifying such relief. We hold that it is not.

The plaintiff filed his complaint against the defendant, Soft Water Utilities, Inc., on October 2, 1962, alleging fraud in the sale of certain securities. The matter was finally tried to the trial court without a jury on April 10, 1972. The trial court initially took the matter under advisement, and then entered judgment against Soft Water on May 3, 1972. Soft Water filed its motion to correct errors on June 30th. Subsequent to

filing the motion to correct errors, Soft Water's attorneys made efforts to contact the clerk of the Putnam Circuit Court to ascertain whether any action had been taken on the motion. On July 10, 1972, one of Soft Water's attorneys was informed by the clerk in a telephone call that Soft Water's motion to correct errors had not been received as of that date. As a result of this telephone conversation, Soft Water's attorneys wrote a letter to the trial judge and forwarded two more copies of the motion to correct errors which were received on July 12, 1972. Soft Water requested that a file-marked copy of the motion be returned to them, but none was ever received. On August 11, 1972, Soft Water wrote the trial judge who informed Soft Water that its motion to correct errors had been overruled on July 10th. Therefore, the time limit for filing the praecipe had expired.

On August 23, 1972, Soft Water filed, pursuant to TR. 60(B), a motion, with exhibits attached, seeking relief from the trial court's order of July 10, 1972. The trial court immediately granted the relief requested and changed the date of the overruling of the motion to correct errors to August 14, 1972. The order of the trial court granting relief reads as follows:

"Comes now defendant, Soft-Water Utilities, Inc., by its attorneys, Barrett, Barrett & McNagny, and files its motion for relief from orders of court, which motion is in the following words and figures, to-wit: (H.I.)

"And the court being fully advised in the premises, now grants said motion, and orders, nunc pro tunc, that the date wherein this court overruled defendant's motion to correct errors be, and hereby is, changed from July 10, 1972, to August 14, 1972;

"And the court further orders, nunc pro tunc, that the order of this court entered August 17, 1972, wherein this court denied defendant's motion for appeal and praecipe for transcript, be and hereby is set aside."

After being granted an extension of time in which to file its record in the Court of Appeals, Soft Water filed the record on January 11, 1973. On January 17, 1973, LeFevre filed his

motion to dismiss the appeal and said motion was sustained by written opinion in the Court of Appeals. *Soft Water Utilities, Inc.* v. *LeFevre* (1973), 293 N. E. 2d 788.

The petitioner alleges that the Court of Appeals has erroneously decided a new question of law, viz., that the trial court did not have the power, pursuant to Trial Rule 60(B), to change the date of its ruling on petitioner's motion to correct errors. The Court of Appeals rested its decision on the mandatory language of Appellate Rule 2(A), which states:

"*(A)* *Initiation of the Appeal.* An appeal is initiated by filing with the clerk of the trial court a praecipe designating what is to be included in the record of the proceedings, and *that said praecipe shall be filed within thirty [30] days after the court's ruling on the Motion to Correct Errors or the right to appeal will be forfeited.* A copy of such praecipe shall be served promptly on the opposing parties. [Amended Nov. 30, 1972, eff. as to all appeals where the Motion to Correct Errors is filed on or after April 1, 1972.]" (Emphasis added.)

The Court of Appeals concluded:

"In our opinion, the fact that the Appellant did not receive notice of the court's ruling, and the fact that the Trial Court later changed its record to accommodate the Appellant, did not revive the Appellant's right to appeal." 293 N. E. 2d at 790.

The provisions of TR. 60(B) parallel closely those of the Federal Rules of Civil Procedure. The precise question before us, of course, would not arise in the federal courts as the F. R. C. P. do not deal with a motion to correct errors. However, a persuasive analogy can be drawn to those federal cases which have allowed relief from operation of a judgment where a party was without notice. Such a case is *Smith* v. *Jackson Tool & Die, Inc.* (5th Cir. 1970), 426 F. 2d 5. In *Smith,* after a trial without a jury, the district judge rendered his opinion on June 18. Copies were received in the offices of the parties' attorneys on June 19. Counsel for the losing party had departed the country on June 16, but contacted his secretary to serve the judge and the opposing party with a letter re-

questing that the court withhold entering its order until counsel could inspect the same, because his clients desired to perfect an appeal. Unknown to any of the parties or their counsel, the trial judge entered judgment on July 3, 1968. The clerk of the court entered the judgment on the court's docket that day, but inadvertently failed to notify the parties.

On September 5, 1968, three days after the final period for appeal had expired, the losing party received the first notice that judgment had been entered. On September 6, he filed a motion for extension of time in which to appeal joined with a motion to vacate the judgment. The trial judge granted the relief sought and vacated the judgment entered on July 3rd. Subsequently, the trial court entered a new judgment dated September 23, 1968. In concluding that the district court's action was not reversible error, the Circuit Court of Appeals stated:

> "Appellees' contention in its motion to dismiss and cross-appeal is that the action of the District Court in vacating the original judgment and reentering the same was beyond the authority of the District Court and in circumvention of provisions of 28 U. S. C. § 2107 and Rule 4(a) of the Federal Rules of Appellate Procedure. These provisions provide that appeal must be filed with the Clerk of the District Court within 30 days of the date of the entry of the judgment, and that, upon a showing of excusable neglect, the District Court may extend the time of filing for a period not to exceed 30 days from the expiration of the first 30 days. Rule 77(d) is cited to show that failure of the Clerk to send notice does not affect the time for appeal or authorize the Court to relieve a party for failure to appeal within the time allowed. Admittedly, this motion to vacate was made 4 or 5 days after the second 30 days had elapsed.

> \* \* \*

> "Appellants contend that the District Court found that basic justice required that it take the action it did— setting aside the judgment entered on July 3, 1968— and that such action is authorized under Rule 60(b) of the Federal Rules of Civil Procedure providing that upon motion and upon such terms as are just, the court may relieve a party from a final judgment for the following

reasons, (1) mistake, inadvertence, surprise or excusable neglect, * * * or (6) any other reason justifying relief from the operation of the judgment.

"We are fully aware that various cases have held that a motion to vacate cannot be granted for the sole purpose of extending the time for appeal nor can it be invoked as a substitute for appeal. Yet, we must also recognize that where the net result of adhering to the letter of the rules of procedure is to thwart rather than to promote justice, the Court must be wary of their rigid application. A federal court should not be handicapped in unusual cases by federal rules which are to be liberally construed to achieve justice. Byron v. Bleakley Transportation Co., 43 F. R. D. 413 (S.D.N.Y., 1967).

"The policy of finality of judicial proceedings is, and indeed it should be, a strong one, but in the face of unusual factors, equitable principles encompassed within Rule 60(b) justify further inquiry. Rule 60(b)(6) provides that the trial court may grant relief for 'any other reason justifying relief from the operation of the judgment.' It has been said that this rule's purpose is to make available those grounds which equity has long recognized as a basis for relief. Bros. Incorporated v. W. E. Grace Manufacturing Co., 320 F. 2d 594 (5th Cir., 1963).

"In ruling on a motion to vacate, equitable considerations including lack of prejudice to defendant and prejudice to plaintiff must be given consideration. And often, the interest of ruling on a motion on the merits outweighs the interest in orderly procedure and in the finality of judgments." 426 F. 2d at 7-8.

Similarly, in *Radack* v. *Norwegian America Line Agency, Inc.* (2nd Cir. 1963), 318 F. 2d 538, the trial court granted a TR. 60 motion to vacate a judgment of dismissal for lack of prosecution. The Court of Appeals treated the question of the breadth of the trial court's discretion in such a case:

". . . [We] must consider whether the absence of notice gave the district court power to reopen the judgment under Rule 60(b)(6). This catch-all clause in Rule 60 gives the district court a 'grand reservoir of equitable power to do justice in a particular case.' 7 Moore, Federal Practice at p. 308 (1950 ed.); Pierre v. Bernuth, Lembcke Co., 20 F. R. D. 116, 117 (S.D.N.Y. 1956). Though not a substitute for appeal, Wagner v. United States, 316 F. 2d 871 (2d Cir.,

April 25, 1963) ; Huddleston v. McComas, 277 F. 2d 677 (6th Cir. 1960), and subject to the one-year time limitation when the grounds urged for relief fall within clauses (1), (2) or (3), the rule should be liberally construed when substantial justice will thus be served. Klapprott v. United States, 335 U.S. 601, 615, 69 S. Ct. 384, 93 L. Ed. 266, modified, 336 U.S. 942, 69 S. Ct. 398, 93 L. Ed. 1099 (1949) ; Bridoux v. Eastern Air Lines Inc. 214 F. 2d 207 (D.C. Cir.) cert. denied 348 U.S. 821 75 S. Ct. 33, 99 L. Ed. 647 (1954) ; Tozer v. Charles A. Krause Milling Co., 189 F. 2d 242 (3d Cir. 1951) ; Estate of Cremidas, 14 F. R. D. 15 (D. Alaska 1953).

"We do not mean to suggest that the granting of relief under Rule 60 (b) (6) is proper in all cases where notice of the entry of judgment is not sent to one of the parties; lack of notice does not *ipso facto* mean that a judgment must, can or should be reopened. A party may learn of the entry of judgment by reading the Law Journal or may be so informed by opposing counsel. The rule cannot be used to circumvent the 1946 amendment to Rule 77 (d) dealing with the effect of lack of notice on the running of the time for appeal. Wagner v. United States, supra. Nor is 60 (b) (6) relief available for an unlimited time. The rule is still subject to both the reasonable time limitation and to the proper exercise of discretion by the district court considering all of the circumstances present in a given case. The granting of such motions should be considered only where lack of notice has operated to prejudice a substantial right or remedy that would otherwise have been available." 318 F. 2d at 542-43.

Our Trial Rule 60 (B) reads in pertinent part as follows:

*"(B)   Mistake — Excusable neglect — Newly discovered evidence—Fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment order, default or proceeding for the following reasons:*

" (1)   mistake, surprise, or excusable neglect ;

* * *

" (8)   *any other reason justifying relief from the operation of the judgment.*

"The motion shall be made within a reasonable time, and for reasons (1), (2), (3) and (4) not more than one [1] year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not

affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or for fraud upon the court. Writs of coram nobis, coram vobist, audita querala, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action." (Emphasis added.)

A motion under TR. 60(B) is addressed to the equitable discretion of the trial court. The burden is properly upon the movant to affirmatively demonstrate that relief is necessary and just. The trial court was so satisfied in the instant case. The appellee cannot successfully contend that he has been prejudiced by the trial court's action. On the contrary, this case was allowed to pend for ten (10) years before coming to trial. Soft Water filed its initial notice of appeal and praecipe prior to the court's ruling on its motion to correct errors. These were subsequently withdrawn pending the trial court's ruling, but the filing of the same amply demonstrated to LeFevre that Soft Water intended to appeal the cause.

LeFevre argues that the trial court exceeded its power in granting the TR. 60(B) motion. In support of his argument, the appellee points to the clerk's sworn affidavit that notice of the ruling on Soft Water's motion to correct error was properly entered and mailed on July 10, 1972, pursuant to TR. 72(D), which reads as follows:

"*D. Notice of Orders on Judgments.* Immediately upon the entry of a ruling upon a motion, an order or judgment, the Clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. *Lack of notice of the entry by the Clerk does not affect the time to appeal or relieve or authorize the Court to relieve a party for failure to appeal*

*within the time allowed,* execpt as permitted in the Appellate Rules . . ." (Emphasis added.)

The appellee, by sworn affidavit, stated that he received notice of the court's ruling on July 11, 1972.

Opposing the sworn affidavit of the clerk, is the affidavit of Soft Water's attorney, alleging not only that notice was not received, that he was diligent in attempting to ascertain the trial court's ruling, *but also that he, in fact, received misinformation from the court clerk on the day the motion to correct errors was ruled upon.* The clerk does not deny that he gave false information to Soft Water. We hold that this is a "reason justifying relief from the operation of the judgment." TR. 60 (B) (8). We should emphasize here that the trial judge was in the proper position to determine whether equitable relief should have issued. He certainly is in closer contact with the clerk of his court and is more aware of the clerk's attributes and inadequacies than an appellate court with a mere record before it.

Appellee correctly contends that *nunc pro tunc* is not the correct form of entry to be made in a case such as this. We agree that the *form* of the trial court's relief was improper. However, the *substance* of its action was equitably just, and we are concerned here with whether the trial court was *substantially* correct in its ruling and not whether the chosen *form* of relief satisfies the label attached to it. We are holding that on the facts of this case, the trial court was justified in changing the date upon which the motion to correct errors was overruled. We interpret the literal effect of the trial court's order to be a vacation of the judgment previously entered with a re-entry of judgment upon a subsequent date. This was all done pursuant to Trial Rule 60 (B). Since TR. 60 provides no *modus operandi* for instituting such relief, we find that the procedural methods employed by the trial court in the case at bar were a correct application of TR. 60 (B), notwithstanding the title or form.

Finally, the appellee directs us to the mandatory language

of Appellate Rule 2(A) that "said praecipe shall be filed within thirty [30] days after the court's ruling on the Motion to Correct Errors or the right to appeal will be forfeited." The aforementioned appellate rule is predicated upon adequate notice of the judgment at trial before an appeal may be forfeited. To hold that an appeal is forfeited *ipso facto* when no praecipe is filed within thirty days of the court's ruling on the motion to correct errors, regardless of whether notice was ever issued or regardless of any other circumstances anticipated by TR. 60, would raise substantial constitutional questions concerning such procedure in light of the guarantee of the right to appeal. Art. 7, § 6, Constitution of the State of Indiana.

We have reached the conclusion that the trial court has equitable discretion to grant relief pursuant to Trial Rule 60 (B), under circumstances where it is satisfied that the administration of justice will be served by its action. Certainly, the orderly procedure of our judicial system calls for adherence to rules designed to achieve that goal. But we should never ignore the plain fact that the consequence of strict adherence to procedural rules may occasionally defeat rather than promote the ends of justice. Similarly, if trial courts and courts of appeal were to rigidly apply Appellate Rule 2(A) in all cases, the provisions of Trial Rule 60(B) would be rendered meaningless. Such is not the desired effect of our flexible rules of procedure.

For all the foregoing reasons, transfer is hereby granted and the appellee's motion to dismiss the appeal is overruled. Further, cause is transferred to the Court of Appeals, First District, for disposition on the merits.

Givan and Prentice, JJ., concur; Arterburn, C.J., concurs in result; DeBruler, J., dissents.

NOTE.—Reported in 301 N. E. 2d 745.