James C. SPENCE, Sandra J. Spence d/b/a J. C. Spence & Associates, Appellants (Plaintiffs Below),

v.

SUPREME HEATING & AIR CONDITIONING CO., INC. and Isbell's Heating & Air Conditioning, Inc., Appellees (Defendants Below).

No. 4–781A50.

Court of Appeals of Indiana, Fourth District.

July 21, 1982.

Robert L. Gowdy, Cox, Zwerner, Gambill & Sullivan, Terre Haute, John Baumunk, Brazil, for appellants.

R. Steven Johnson, Sacopulos, Crawford & Johnson, Terre Haute, George N. Craig, Craig & Craig, Brazil, for appellees.

YOUNG, Judge.

In their cross-appeal, defendants-appellees Supreme Heating and Air Conditioning Company, Inc. and Isbell's Heating and Air Conditioning, Inc. contend that the trial court erred in granting plaintiffs-appellants James and Sandra Spence's Trial Rule 60 motion for relief from judgment. Supreme and Isbell's claim that the trial court's failure to give them notice of the motion and to hold a hearing on the motion requires us to reverse the trial court's judgment. We agree and reverse and remand.

The relevant facts are as follows: On January 15, 1979, the Spences commenced their action against Supreme and Isbell's by filing a complaint. On January 8, 1981, the trial court granted Supreme and Isbell's motion for partial summary judgment. The Spences timely filed their motion to correct errors. The trial court overruled the Spences' motion on April 10, 1981 and the entry was made in the trial court minutes and order book accordingly. The clerk of the court did not, however, notify the parties of the trial court's judgment. The Spences failed to file their praecipe within thirty days as required by Ind.Rules of Procedure, Appellate Rule 2(A). On June 23, 1981, the Spences filed a motion for relief from judgment under Ind.Rules of Procedure, Trial Rule 60(B). The motion was supported by the affidavit of the Spences' attorney, Robert L. Gowdy, claiming a lack of notice of the trial court's ruling on the Spences' motion to correct errors. The trial court granted the Spences' Trial Rule 60(B) motion the same day without giving notice to Supreme and Isbell's and without holding a hearing to receive evidence. The trial court entered an order changing the date of entry of the overruling of the Spences' motion to correct errors from April 10, 1981 to June 22, 1981. The Spences then perfected their appeal.

Because of our resolution of the appellees' first issue on cross-appeal we need consider only one issue:

Did the trial court err by failing to give notice to Supreme and Isbell's Heating and/or their attorneys of record and in failing to hold a hearing to receive evidence prior to granting relief to the Spences pursuant to T.R. 60(B)?

When a Trial Rule 60(B) motion is made, notice to opposing parties and a hearing are required. *State ex rel. AAFCO Heating and Air Conditioning Co. v. Lake Superior Court,* (1975) 263 Ind. 233, 328 N.E.2d 733; *Davidson v. American Laundry Machinery Division,* (1982) Ind.App., 431 N.E.2d 546; *Sowers v. Sowers,* (1981) Ind.App., 428 N.E.2d 245; *Gemmer v. Diehl,* (1980) Ind. App., 411 N.E.2d 1248. In this case, Supreme and Isbell's were not given notice of the motion nor were they given an opportunity to present their case to the trial court. The failure to give notice and to hold a hearing constitute reversible error. *Sowers, supra.*

On remand Supreme and Isbell's are entitled to be heard before the trial judge enters his ruling on the Trial Rule 60(B) motion. We wish to make it clear that we are addressing only a narrow procedural question in this opinion and are not expressing any view about the trial court's decision. Because the other procedural and substantive questions have been fully briefed we will retain jurisdiction of this appeal. The party appealing the trial court's ruling on the Trial Rule 60(B) motion will have 10 days after notification of the trial court's ruling to file a brief, if they choose. The other party will then have 10 days to file a brief. The appellant will then be allowed 5 days to file a reply brief.

Remanded for proceedings consistent with this opinion.

MILLER, P. J., and CONOVER, J., concur.