James C. SPENCE, Sandra J. Spence d/b/a J.C. Spence & Associates, Appellants (Plaintiffs Below),

v.

SUPREME HEATING & AIR CONDITIONING CO., INC. and Isbell's Heating & Air Conditioning, Inc., Appellees (Defendants Below).

No. 4–781A50.

Court of Appeals of Indiana, Fourth District.

Dec. 16, 1982.

Rehearing Denied Jan. 21, 1983.

Robert L. Gowdy, Cox, Zwerner, Gambill & Sullivan, Terre Haute, John Baumunk, Brazil, for appellants.

R. Steven Johnson, Sacopulos, Crawford & Johnson, Terre Haute, George N. Craig, Craig & Craig, Brazil, for appellees.

YOUNG, Presiding Judge.

Plaintiffs-appellants James and Sandra Spence appeal from the trial court's grant of summary judgment in favor of defendants-appellees Supreme Heating and Air Conditioning Company, Inc. and Isbell's Heating and Air Conditioning, Inc. Supreme and Isbell's cross-appeal contending that the trial court erred in granting the Spences' Trial Rule 60 motion for relief from judgment.

In *Spence v. Supreme Heating & Air Conditioning Co.,* (1982) Ind.App., 437 N.E.2d 1008, the facts relevant to the cross-appeal were set forth as follows:

On January 15, 1979, the Spences commenced their action against Supreme and Isbell's by filing a complaint. On January 8, 1981, the trial court granted Supreme and Isbell's motion for partial summary judgment. The Spences timely filed their motion to correct errors. The trial court overruled the Spences' motion on April 10, 1981 and the entry was made in the trial court minutes and order book accordingly. The clerk of the court did not, however, notify the parties of the trial court's judgment. The Spences failed to file their praecipe within thirty days as required by Ind. Rules of Procedure, Appellate Rule 2(A). On June 23, 1981, the Spences filed a motion for relief from judgment under Ind. Rules of Procedure, Trial Rule 60(B). The motion was supported by the affidavit of the Spences' attorney, Robert L. Gowdy, claiming a lack of notice of the trial court's ruling on the Spences' motion to correct errors. The trial court granted the Spences' Trial Rule 60(B) motion the same day without giving notice to Supreme and Isbell's and without holding a hearing to receive evidence. The trial court entered an order changing the date of entry of the overruling of the Spences' motion to correct errors from April 10, 1981 to June 22, 1981. The Spences then perfected their appeal.

*Id.* at 1009. We held that the failure of the trial court to give notice and hold a hearing on the Trial Rule 60 motion constituted reversible error. Upon remand, the trial court held a hearing on the Trial Rule 60 motion and the record of that hearing is now before us.

Supreme and Isbell's contend that the Spences' failure to file a praecipe within thirty days of the date the trial court overruled their motion to correct errors requires that their appeal be forfeited. Supreme and Isbell's further contend that the trial court abused its discretion in granting the Spences' Trial Rule 60 motion. The Spences contend that the trial court's granting of their Trial Rule 60 motion was within its discretion. Consequently, they argue, the praecipe was timely filed.

Ind. Rules of Procedure, Trial Rule 72(D) provides in part:

Immediately upon the entry of a ruling upon a motion, an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5

upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. *Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in the Appellate Rules.*

(Emphasis added.) The Indiana Supreme Court has held, however, that this language does not *per se* preclude relief. *Soft Water Utilities, Inc. v. LeFevre,* (1973) 261 Ind. 260, 301 N.E.2d 745. In *Soft Water Utilities,* the court held that lack of notice plus misinformation from a court official established good cause for granting equitable relief under Trial Rule 60(B)(8). *Id.* at 268, 301 N.E.2d at 749–50. In *Brendonwood Common v. Kahlenbeck,* (1981) Ind.App., 416 N.E.2d 1335, the second district of the Court of Appeals recognized "that in cases presenting mitigating circumstances or special hardship" a trial court could grant equitable relief to a party who did not receive notice of a ruling. *Id.* at 1336. The court also set out some limits on this general rule. First, lack of notice alone is not sufficient to warrant equitable relief. *Id.* at 1337. Second, counsel must exercise due diligence in ascertaining the status of the case.[1] *Id.* The fourth district followed this rationale in *American Fletcher National Bank & Trust Co. v. Pavilion, Inc.,* (1982) Ind.App., 434 N.E.2d 896. In *AFNB,* the clerk misrepresented the date of the court's denial of the motion to correct errors. The appellate court held that was a sufficient mitigating circumstance to justify equitable relief.

In the present case the Spences' attorneys do not contend that there were any mitigating circumstances. They merely contend that they did not receive notice of the ruling on the motion to correct errors from the clerk. The trial court relying on this fact granted the Spences' motion for equitable relief. While we recognize that we may reverse only if the trial court abused its discretion, the burden is upon the Spences to affirmatively demonstrate that equitable relief is necessary and just. *Brendonwood Common, supra.* The Spences have not demonstrated that equitable relief is appropriate in this case. They must demonstrate more than a lack of notice of the trial court's ruling.[2] They must demonstrate that counsel was diligent in ascertaining the status of the case or that there were other mitigating circumstances present. The Spences failed to do this. The trial court therefore erred in granting their motion for equitable relief. Consequently, the praecipe was not timely filed and this appeal must be dismissed.

Appeal dismissed.

MILLER, J., concurs.

CONOVER, J., dissents with opinion.

CONOVER, Judge, dissenting.

I must dissent. I do so for the cogently stated reasons set forth by Sullivan, J. in his dissent to *Brendonwood Common v. Kahlenbeck,* (1981) Ind.App., 416 N.E.2d 1335, 1337, cf. *Allstate Insurance Co. v. Neumann,* (1982) Ind.App., 435 N.E.2d 591.

I believe the facts of this case present grounds for equitable relief. We should decide this appeal on its merits.

---

**1.** We are sympathetic to Judge Sullivan's view that this requirement of Trial Rule 72(D) is "unfairly burdensome." *Brendonwood Common v. Kahlenbeck,* (1981) Ind.App., 416 N.E.2d 1335, 1337 (Sullivan, J., dissenting). However, any change in the rule must come from the Supreme Court.

**2.** We note the third district's decision in *Allstate Insurance Co. v. Neumann,* (1982) Ind. App., 435 N.E.2d 591. We specifically disapprove of *Allstate* to the extent it held that lack of notice without anything more was sufficient to justify equitable relief.