In the Matter of the SALE OF REAL PROPERTY WITH DELINQUENT TAXES OR SPECIAL ASSESS-MENTS,

**Tony Goodrich, Appellant–Petitioner,**

v.

**Dearborn County, Appellee–Respondent.**

No. 15A01–0403–CV–139.

Court of Appeals of Indiana.

Feb. 25, 2005.

Rehearing Denied April 19, 2005.

---

Jeffrey C. Rocker, Richard S. Eynon, Landyn K. Harmon, Dominic W. Glover, David M. Brinley, Eynon Harmon Rocker & Glover, Columbus, IN, Attorneys for Appellant.

Leanna Weissmann, Lawrenceburg, IN, Attorney for Appellee.

## OPINION

SHARPNACK, Judge.

Tony Goodrich appeals the trial court's denial of his motion for relief from judgment. Goodrich raises one issue, which we restate as whether the trial court abused its discretion by denying his motion for relief from judgment. We reverse and remand.[1]

The relevant facts follow. On October 18, 2001, property owned by Kristi Johnston with an address of 847 Walnut Ridge, Lawrenceburg, Indiana, was sold at a tax sale, and Goodrich was the successful bidder. On December 16, 2002, Goodrich filed a petition to issue a tax deed, but Johnston and MainSource Bank, formerly known as Peoples Trust Company ("Main-

---

1. We direct Goodrich's attention to Ind.App. Rule 46(A)(10) which requires an appellant's brief to "include any written opinion, memo- randum of decision or findings of fact and conclusions thereon relating to the issues raised on appeal."

Source"), the mortgage holder, filed objections. On April 2, 2003, the trial court held a hearing, and Johnston and MainSource argued that Goodrich was not entitled to a tax deed because he had failed to comply with the notice provisions of Ind. Code § 6–1.1–25–4.5. The trial court took the matter under advisement and issued an order on April 22, 2003, denying Goodrich's petition to issue a tax deed and extending the redemption period for sixty days. The trial court found, in part:

> 2. [Goodrich] introduced evidence which purported to show that he had complied with the notice requirements under I.C. [6–1.1–25–4.5]; however, the evidence is contradictory in that the actual notices which Goodrich testified that he sent to Objectors bear the date of May 28, 2002 and the copy of the certified mailing was dated April 2, 2002. Goodrich upon cross-examination then said that he had made an error on the date of the notice and said they had been sent on April 2, 2002. Both [Johnston] and [MainSource] denied ever receiving any notice dated May 28, 2002; however, both Objectors did receive the notice of Petition to Issue a Tax Deed filed and sent to Objectors on December 16, 2002. It is interesting to note that Hidden Valley Lake Property Owners Association and Valley Rural Utility Company also did not receive the May 28, 2002 notice from Goodrich, although Goodrich also provided a notice of May 28, 2002 being sent to them; but on April 2, 2002.
>
> Certified mail by definition of the U.S. Postal Service provides "proof of mailing and delivery". Under I.C. 6–1.1–25–4.5 section 3(B) the purchaser shall give notice required by subsection (a) by sending a copy of the notice by certified mail to (1) owner of record at the time of the sale (et seq.) and (2) any person with a substantial property interest of public record (et seq. 1).
>
> 3. [Johnston], as owner of record, and [MainSource], having a $100,000.00 mortgage on a $200,000.00 home, is an interested party and are entitled to substantial notice and due process in this matter. The case law on these matters is clear that the purpose of tax sales is not to afford some stranger the opportunity to gain title to owner's property to his own great advantage and to the great disadvantage of the owner and his creditors. Goodrich has not substantially complied with the above quoted statutes and with diligent inquiry could have given actual notice to both [Johnston] and [MainSource]. The burden of proof is upon Goodrich to show clear and convincing evidence that he has complied with the aforesaid notice statute and he has failed to do so. The question of whether the Auditor of Dearborn County complied with the required notice provisions need not be addressed because of the failure of Goodrich.
>
> IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED that the Petition to Issue Tax Deed is hereby denied and the Objectors shall have sixty (60) days from the date of this Order to redeem the real estate.... In the event said property is not redeemed then the Dearborn County Auditor will proceed under the Tax Sale Statutes of Indiana.

Appellant's Appendix at 133–135. However, the trial court clerk failed to serve notice of the order on the parties.

On September 28, 2003, Goodrich filed a motion for relief from judgment under Ind. Trial Rule 60(B) and argued he did not

receive notice of the April 22, 2003, order and the order was erroneous because he sent proper notices and because the trial court did not have authority to extend the redemption period. Goodrich requested that the trial court treat his motion as a motion to correct error pursuant to Ind. Trial Rule 59. The trial court held a hearing on Goodrich's motion on February 13, 2004. Goodrich again argued that he did not receive notice of the April 22, 2003, order and that the trial court's April 22, 2003, order was erroneous because Goodrich sent proper notices and because the trial court did not have authority to extend the redemption period. The trial court denied Goodrich's motion for relief from judgment.

Goodrich then appealed the trial court's denial of his motion for relief from judgment. Prior to the filing of the appellant's brief, Johnston filed a motion for involuntary dismissal, alleging in part that Goodrich had erroneously sought relief under Ind. Trial Rule 60(B) rather than Ind. Trial Rule 72(E). Our motions panel held:

1) Instead of filing a motion under Trial Rule 72(E), the Appellant impermissibly sought an extension to initiate an appeal of the April 22, 2003 ruling by filing a Trial Rule 60(B) Motion. *See Collins [v. Covenant Mut. Ins. Co.,* 644 N.E.2d 116, 117–118 (Ind. 1994)]. Therefore, the appeal of the April 22, 2003 ruling is not properly before the Court.

2) However, because the Appellant filed a Notice of Appeal within thirty days of the denial of the Trial Rule 60(B) Motion, the appeal of that ruling is properly before the Court.

\* \* \* \* \*

4) Therefore, the Appellee's Verified Motion for Involuntary Dismissal is **GRANTED IN PART** and **DENIED**

**IN PART.** More specifically, the Appellant's appeal shall be restricted to issues arising from the denial of the Trial Rule 60(B) Motion, not issues arising directly from the April 22, 2003 order itself.

Motions Panel Order Dated August 31, 2004.

 The issue is whether the trial court abused its discretion by denying Goodrich's motion for relief from judgment. However, initially, we must consider Goodrich's request that we reconsider the motions panel's partial dismissal of his appeal. We may reconsider a ruling by the motions panel. *Oxford Fin. Group, Ltd. v. Evans,* 795 N.E.2d 1135, 1141 (Ind. Ct.App.2003). However, "we decline to do so in the absence of clear authority establishing that it erred as a matter of law." *Id.; see also Davis v. State,* 771 N.E.2d 647, 650 n. 5 (Ind.2002) (discussing the availability of reconsideration of motions panel orders). The motions panel ruled that Goodrich should have filed a motion pursuant to Ind. Trial Rule 72(E) rather than Ind. Trial Rule 60(B), and, therefore, the appeal was restricted to issues arising from the denial of the Ind. Trial Rule 60(B) motion only. We respectfully disagree with the motions panel's order.

This issue requires an analysis of the relationship between Ind. Trial Rule 72(E) and Ind. Trial Rule 60(B). Ind. Trial Rule 72(E) provides:

Lack of notice, or the lack of the actual receipt of a copy of the entry from the Clerk shall not affect the time within which to contest the ruling, order or judgment, or authorize the Court to relieve a party of the failure to initiate proceedings to contest such ruling, order or judgment, except as provided in this section. When the mailing of a copy of the entry by the Clerk is not evidenced by a note made by the Clerk upon the

Chronological Case Summary, the Court, upon application for good cause shown, may grant an extension of any time limitation within which to contest such ruling, order or judgment to any party who was without actual knowledge, or who relied upon incorrect representations by Court personnel. Such extension shall commence when the party first obtained actual knowledge and not exceed the original time limitation.

On the other hand, Ind. Trial Rule 60(B) provides:

On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

(2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

\* \* \* \* \*

(6) the judgment is void;

(7) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense.

Our supreme court considered the relationship between Ind. Trial Rule 60(B) and Ind. Trial Rule 72(E) in *Collins v. Covenant Mut. Ins. Co.*, 644 N.E.2d 116 (Ind. 1994). There, a party contended that it did not receive notice of the trial court's summary judgment ruling and filed a motion for relief from judgment pursuant to Ind. Trial Rule 60(B). *Id.* at 117. The trial court amended the date of the summary judgment order to allow the party to initiate an appeal. *Id.*

In considering whether the party properly brought the Ind. Trial Rule 60(B) motion, our supreme court held:

There was a time when a party might obtain relief upon a claim of failure to receive notice through Trial Rule 60. *Soft Water Utilities v. Le Fevre* (1973), 261 Ind. 260, 301 N.E.2d 745 (DeBruler, J., dissenting). Since 1973, however, this Court has amended Trial Rule 72 to establish it as the sole vehicle. Trial Rule 72(E) now provides: "Lack of notice, or the lack of the actual receipt of a copy of the entry from the Clerk shall not affect the time within which to contest the ruling, order or judgment, [n]or authorize the Court to relieve a party of the failure to initiate proceedings to contest such ruling, order or judgment, except as provided in this section." (Emphasis supplied.) Accordingly, any trial court relief for Collins' failure to file a praecipe within thirty days of Judge Newman's January 31 entry must be based on T.R. 72(E).

*Id.* Thus, the party erred when it asked the trial court "to employ Ind. Trial Rule 60 to extend the date for filing an appeal. This was not a proper use of Trial Rule 60. The only available avenue for such relief from a trial court is Trial Rule 72." *Id.* at 116. The court went on to hold that the party was not entitled to relief under Ind. Trial Rule 72(E) because the CCS sufficiently demonstrated that notice of the summary judgment order was mailed. *Id.* at 118. Thus, our supreme court has indicated that the proper method of challenging an order not served by the trial court is through Ind. Trial Rule 72(E) not Ind. Trial Rule 60(B).[2] Nevertheless, despite the party's motion under Ind. Trial Rule 60, our supreme court analyzed the issue under Ind. Trial Rule 72(E).

Here, Goodrich labeled his motion as a motion for relief from judgment under Ind. Trial Rule 60(B). However, in the motion, Goodrich argued that he had not received notice of the trial court's April 22, 2003, order and requested that the trial court consider the motion as a motion to correct error. The trial court held a hearing where the allegations of error in the April 22, 2003, order were discussed and denied Goodrich's motion.

It is undisputed that Goodrich would have been entitled to relief under Ind. Trial Rule 72(E) because the mailing of a copy of the April 22, 2003, order is not evidenced by the CCS and the parties did not receive notice of the April 22, 2003, order. Thus, Goodrich would have been entitled to an extension of time to file a motion to correct error under Ind. Trial Rule 72(E). Although labeled as a motion for relief from judgment under Ind. Trial Rule 60(B), Goodrich requested that the trial court extend the time for filing a motion to correct error due to lack of notice of the April 22, 2003, order and argued that the trial court's April 22, 2003, order was erroneous.

We have often indicated a preference of substance over form. *See, e.g., Hubbard v. Hubbard,* 690 N.E.2d 1219, 1221 (Ind.Ct. App.1998) (holding that a motion should have been treated as a motion to correct error despite its caption as a motion to reconsider); *MDM Investments v. City of Carmel,* 740 N.E.2d 929, 933–934 (Ind.Ct. App.2000) (treating a "Motion to Reopen Proceedings and Notice of Exceptions to Appraiser's Report" as a motion for relief from judgment under Ind. Trial Rule 60(B)). In fact, Ind. Trial Rule 8(F) provides that: "All pleadings shall be so construed as to do substantial justice, lead to disposition on the merits, and avoid litigation of procedural points." Consequently, we will treat the motion as a request for extension of time to file a motion to correct error pursuant to Ind. Trial Rule 72(E) and a motion to correct error pursuant to Ind. Trial Rule 59. Further, we will treat the trial court's denial as a grant of an extension of time pursuant to Ind. Trial Rule 72(E) but a denial of the motion to correct error.[3]

---

**2.** Courts have struggled with the application of *Collins. See* Harvey, William F., INDIANA PRACTICE 4A § 72.5 at 112 (West 2003) (noting that the "holding appears to have more flexibility than *Collins* indicates"). For example, in *Indiana Ins. Co. v. Ins. Co. of North America,* 734 N.E.2d 276, 277–278 (Ind.Ct.App. 2000), *reh'g denied, trans. denied,* a case was dismissed pursuant to Ind. Trial Rule 41(E) but the parties were not notified of the dismissal. A party filed a motion to reinstate the cause pursuant to Ind. Trial Rule 60(B)(8), which the trial court granted. *Id.* at 278. This court affirmed, holding that exceptional circumstances justified the invocation of Ind. Trial Rule 60(B)(8). *Id.* at 281.

**3.** As a result of the motions panel's order partially dismissing Goodrich's appeal, Johnston filed a motion to strike portions of Goodrich's appellant's brief pertaining to the propriety of the April 22, 2003, order. Because

■ The standard of appellate review of trial court rulings on motions to correct error is abuse of discretion. *Paragon Family Restaurant v. Bartolini*, 799 N.E.2d 1048, 1055 (Ind.2003). An abuse of discretion occurs when the trial court's action is against the logic and effect of the facts and circumstances before it and the inferences that may be drawn therefrom. *City of Crawfordsville v. Price*, 778 N.E.2d 459, 461 (Ind.Ct.App.2002). According to Goodrich, the trial court abused its discretion by denying the motion because he complied with the notice provisions of the tax sale statutes.

■ As the purchaser at a tax sale, Goodrich was required to send two notices to the owner of the property and persons with a substantial property interest. A tax sale is purely a statutory creation, and material compliance with each step of the statute is required. *Porter v. Bankers Trust Co. of California, N.A.*, 773 N.E.2d 901, 906 (Ind.Ct.App.2002). A purchaser is first required to send a notice of redemption period pursuant to Ind.Code § 6–1.1–25–4.5 (Supp.2002), which at the time Goodrich sent the notice provided in part:[4]

(a) A purchaser, the purchaser's assignee, or a county is entitled to a tax deed to the property that was sold only if:

(1) the redemption period specified in section 4 of this chapter has expired;

(2) the property has not been redeemed within the period of redemption specified in section 4 of this chapter; and

(A) not later than nine (9) months after the date of the sale:

(A) the purchaser or the purchaser's assignee; or

(B) in a county where the county auditor and county treasurer have an agreement under section 4.7 of this chapter, the county auditor;

gives notice of the sale to the owner of record at the time of the sale and any person with a substantial property interest of public record in the tract or real property.

(b) The *purchaser* or assignee or, in a county where the county auditor and county treasurer have an agreement under section 4.7 of this chapter, the county auditor *shall give the notice required by subsection (a) by sending a copy of the notice by certified mail to:*

(1) *the owner of record at the time of the sale at the last address of the owner for the property sold, as indicated in the records of the county auditor; and*

(2) *any person with a substantial property interest of public record at the address for the person included in the public record that indicates the interest.*

However, if the address of the person with a substantial property interest of public record is not indicated in the public record that created the interest and cannot be located by ordinary means by the purchaser or assignee or, in a county where the county auditor and county treasurer have an agreement under section 4.7 of this chapter, the county auditor may give

---

we have reconsidered the motions panel's decision, we hereby deny Johnston's motion to strike.

4. This statute was subsequently amended. *See* Pub.L. No. 170–2003, § 11 (eff. July 1, 2003). We apply the version of the statute in effect at the time Goodrich sent the notice.

notice by publication in accordance with IC 5–3–1–4 once each week for three (3) consecutive weeks.

\* \* \* \* \*

(f) The notice required by this section is considered sufficient if the notice is mailed to the address required under subsection (b).

(emphasis added). Thus, Goodrich was required to give notice to Johnston by certified mail at her address as indicated by the auditor's records.

Second, the purchaser is required to send a notice of petition for tax deed to the owner after the redemption period expired pursuant to Ind.Code § 6–1.1–25–4.6(a) (Supp.2002), which at the time Goodrich sent his notice provided in part: [5]

(a) After the expiration of the redemption period specified in section 4 of this chapter but not later than six (6) months after the expiration of the period of redemption:

(1) the purchaser, the purchaser's assignee, or the county may; or

(2) in a county where the county auditor and county treasurer have an agreement under section 4.7 of this chapter, the county auditor shall, upon the request of the purchaser or the purchaser's assignee;

file a verified petition in the same court and under the same cause number in which the judgment of sale was entered asking the court to direct the county auditor to issue a tax deed if the real property is not redeemed from the sale. *Notice of the filing of this petition shall be given to the same parties and in the same manner as provided in section 4.5 of this*

*chapter, except that, if notice is given by publication, only one (1) publication is required. The notice required by this section is considered sufficient if the notice is sent to the address required by section 4.5(b) of this chapter.* Any person owning or having an interest in the tract or real property may file a written objection to the petition with the court not later than thirty (30) days after the date the petition was filed. If a written petition is timely filed, the court shall conduct a hearing on the objection.

\* \* \* \* \*

(emphasis added). Thus, Goodrich was required to give notice of the filing petition for tax deed to Johnston in the same manner as the redemption notice.

Here, Johnston's property was sold at a tax sale on October 18, 2001, and Goodrich purchased the property. On April 1, 2002, Goodrich sent notices by certified mail of the redemption period to Johnston at a Cleves, Ohio, address as indicated by the auditor's records and the 847 Walnut Ridge address of the property. Although the certified mail receipts reflect that Goodrich sent the notices on April 1, 2002, the notices he submitted as exhibits to his petition for a tax deed were mistakenly dated May 28, 2002. The notice to Johnston at the Walnut Ridge address was returned to Goodrich labeled "unclaimed." Petitioner's Exhibit 3. Johnston does not dispute that the notice was labeled with her correct address. The notice to Johnston at the Cleves, Ohio, address was returned to Goodrich labeled as "not deliverable as addressed—unable to forward." *Id.* Goodrich also sent a notice to Main-Source by certified mail and did not re-

---

**5.** This statute was subsequently amended. *See* Pub.L. No. 170–2003, § 12 (eff. July 1, 2003).

ceive the MainSource notice back. Although the notice was addressed correctly, MainSource denied receiving the notice. However, the bank's vice-president could not rule out that the notice was received at the bank but was not given to him. Goodrich also sent notices by certified mail to Hidden Valley Property Owners Association and Valley Rural Utility Company, but according to Johnston, they did not receive Goodrich's notices either.

In December 2002, Goodrich sent notices of petition for tax deed by certified mail to Johnston at the Cleves, Ohio, address and also at the Walnut Ridge address. Johnston received the notice sent to the Walnut Ridge address. Goodrich also sent the notice by certified mail to MainSource, and MainSource received the notice. Johnston and MainSource then objected to Goodrich's petition for a tax deed.

The trial court found that Goodrich failed to meet his burden of demonstrating that he complied with the notice of redemption period requirement because: (1) the notices bear the date of May 28, 2002 but were mailed on April 2, 2002; (2) Johnston and MainSource denied receiving the notice; and (3) Hidden Valley Property Owners Association and Valley Rural Utility Company denied receiving notice. We disagree and conclude that Goodrich substantially complied with the statutory requirements.

First, the discrepancy between the date listed on the notice of redemption period and the date of mailing does not indicate that Goodrich failed to substantially comply with the notice requirements. Johnston fails to explain how she was prejudiced by this scrivener's error. Even if Goodrich had mailed the notice on May 28, 2002, it was still within the nine-month period to send the notice of redemption period. I.C. § 6–1.1–25–4.5(a). Consequently, we cannot conclude that Goodrich failed to substantially comply with the statutory requirements as a result of the scrivener's error on the notice of redemption period. *See, e.g., Anton v. Davis,* 656 N.E.2d 1180, 1184 (Ind.Ct.App.1995) (holding that auditor substantially complied with the statute even though the notice listed the tax sale date as October 3, when the sale was actually held on October 17, because the owner was not prejudiced), *reh'g denied, trans. denied.*

As for the mailing of the notices, "a state must provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action' prior to taking steps that will affect a protected interest in life, liberty, or property. Notice is constitutionally adequate when 'the practicalities and peculiarities of the case ... are reasonably met.'" *Tax Certificate Investments, Inc. v. Smethers,* 714 N.E.2d 131, 133–134 (Ind. 1999) (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314–15, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)). Ind.Code § 6–1.1–25–4.5 requires only that the purchaser send the notices by certified mail [6] to the proper addresses. The stat-

---

**6.** Johnston argues that none of the parties received the notice of redemption period and "[t]here were no signed green cards presented by Mr. Goodrich into evidence." Appellee's Brief at 8 n. 2. Johnston is referring to green cards received when an item is mailed certified mail, return receipt requested. Certified mail, return receipt requested is different than certified mail. *See* http://www.usps.com/ (last visited February 3, 2005). Here, the legislature required only certified mail not certified mail, return receipt requested. *Compare* I.C. § 6–1.1–25–4.5 (requiring notice by "sending a copy of the notice by certified mail") with Ind.Code § 6–1.1–24–3 ("[T]he county auditor shall mail a copy of the notice required by sections 2 and 2.2 of this chapter by certified mail, return receipt requested, to any mortgagee who an-

ute does not require Goodrich to show that the notices were actually received. *See, e.g., id.* at 133–135 (holding that the purchaser substantially complied with the notice requirements and due process requirements were satisfied where the purchaser sent notice by certified mail to the address indicated by the auditor's records even though the owner had moved and failed to update her records at the auditor's office).

Goodrich presented certified mail receipts stamped by the post office indicating that he mailed the notices to Johnston and MainSource by certified mail. *See* Petitioner's Exhibit 1 at 15–16. The receipts indicate that Goodrich sent the notices to Johnston at both the 847 Walnut Ridge address and the Cleves, Ohio, address. Goodrich also presented the returned envelopes that were addressed to Johnston and that were sent by certified mail. *See* Petitioner's Exhibit 3. The envelopes indicate that, although the notice was labeled with the correct address, the notice to Johnston's 847 Walnut Ridge address was unclaimed. The certified mail to MainSource was properly addressed, and the envelope was not returned to Goodrich.

The notices to Johnston were reasonably calculated to provide her with notice of the redemption period. This evidence was sufficient to demonstrate that Goodrich sent the notices to Johnston by certified mail and substantially complied with Ind.Code § 6–1.1–25–4.5. As a result, the trial court erred by finding in its April 22, 2003, order that Goodrich failed to comply with the notice statute and abused its discretion by denying Goodrich's September 2003 motion.[7]

■■ In summary, we conclude that Goodrich substantially complied with the notice provisions of Ind.Code § 6–1.1–25–4.5. However, Johnston and MainSource also argued that the auditor failed to send proper notices. Because the trial court found that Goodrich failed to send proper notices, the trial court did not address this issue. Consequently, we reverse the trial court's finding that Goodrich failed to send a proper notice of redemption period pursuant to Ind.Code § 6–1.1–25–4.5, but we remand for consideration of whether the auditor sent proper notices.[8]

For the foregoing reasons, we reverse the trial court's denial of Goodrich's September 8, 2003 motion and remand for proceedings consistent with this opinion.

Reversed and remanded.

FRIEDLANDER, J. concurs.

---

nually requests, by certified mail, a copy of the notice.'').

7. Goodrich also argues that the trial court's April 22, 2003, order was erroneous because the trial court did not have statutory authority to extend the redemption period after it found he had failed to comply with the notice requirements. Because we have concluded that Goodrich substantially complied with the notice provisions of the statute, we need not address this issue.

8. At the same time he filed his reply brief, Goodrich also filed a motion to remand. Goodrich requested that the appeal be temporarily stayed and the case remanded to the trial court for further proceedings. According to Goodrich, he discovered after the February 13, 2004 hearing on the T.R. 60(B) motion that Johnston has failed to pay the full redemption amount. Thus, Goodrich argues that remand is appropriate to determine whether Johnston has in fact redeemed the property. If she has not redeemed the property, Goodrich contends that Johnston would not have standing because she would no longer have an interest in the property and the issues in this appeal would be moot. Because we have concluded that the trial court erred when it found that Goodrich had not substantially complied with the notice statutes and we are remanding for further proceedings, we deny Goodrich's motion to stay the appeal and remand.

BAKER, J. concurs in part and dissents in part with separate opinion.

BAKER, Judge, concurring in part and dissenting in part.

Initially, I wish to note that I was a member of the motions panel that restricted this appeal to issues arising from the denial of the Trial Rule 60(B) motion. I acknowledge now that this finding was incorrect and that Goodrich was entitled to consideration under Trial Rule 72(E). It is therefore proper that we consider the trial court's ruling as a grant of an extension of time pursuant to Trial Rule 72(E).

But just because I made one mistake does not mean that I need to make another. For that reason, I cannot agree with the majority's conclusion that Goodrich substantially complied with the notice requirements.

"Before taking an action that affects a person's interest in life, liberty or property, the government is obligated under the Due Process clause of the Fourteenth Amendment to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *McBain v. Hamilton County*, 744 N.E.2d 984, 988 (Ind.Ct.App.2001). Whether the notice "substantially complied" with the requirements is a determination based on the facts and circumstances of the case and is a question of fact. *Kiskowski v. O'Hara*, 622 N.E.2d 991, 992 (Ind.Ct.App. 1993).

Here, none of the interested parties actually received notice of the tax sale. If only one of them had not received the notice that Goodrich purported to send them, it would seem that the problem was that of the particular receiver. But when all four of the interested parties in this case did not receive the notice Goodrich claimed to have sent them, the problem seems to lie with the sender. My reading of the trial court's findings shows that the trial court agreed with this point.

Under our standard of review, it is not our place to reweigh the evidence or to substitute our judgment for that of the trial court. *Core Funding Group, LLC, v. Young*, 792 N.E.2d 547, 550 (Ind.Ct. App.2003), *trans. denied*. The trial court expressed its incredulity at Goodrich's assertion that he complied with the notice requirements by stating, "[Goodrich] introduced evidence which *purported* to show that he had complied with the notice requirements ..." and, "It is interesting to note that Hidden Valley Lake Property Owners Association and Valley Rural Utility Company also did not receive the May 28, 2002 notice from Goodrich, although Goodrich also provided a notice of May 28, 2002 being sent to them; but on April 2, 2002." Appellant's App. p. 133–35 (emphasis added). This is tantamount to finding that Goodrich did not carry his burden, a question of fact that the trier of fact was in the best position to determine. *See Am. Cyanamid Co. v. Stephen*, 623 N.E.2d 1065, 1074 (Ind.Ct.App.1993).

The purpose of the tax sale statute is to collect delinquent taxes, not to provide a windfall to the purchaser. *Ransburg v. Kirk*, 509 *N.E.2d* 867, 876 (Ind.Ct.App. 1987). Thus, there is no harm in making Goodrich start the process over, this time giving proper notice, as the trial court ordered. I therefore vote to affirm the judgment of the trial court.