**JACKSON TOOL & DIE, INC., et al.,**
**Appellants,**

v.

**John Curtis SMITH et al., Appellees.**

**No. 21380.**

United States Court of Appeals
Fifth Circuit.

Dec. 10, 1964.

B. Stirling Tighe, Tighe & Tighe, Jackson, Miss., for appellants Jackson Tool & Die, Inc., and others.

W. Swan Yerger, Jackson, Miss., Heidelberg, Woodliff & Franks, Jackson, Miss., of counsel, for appellants Dorsey J. Barefield, and others.

Bernard W. N. Chill, James Leon Young, Swep S. Taylor, Jr., Jackson, Miss., Forrest G. Cooper, Indianola, Miss., H. Talbot Odom, Greenwood, Miss., Young & Young, Jackson, Miss., for appellees.

Before JONES and BELL, Circuit Judges, and HUNTER, District Judge.

HUNTER, District Judge.

The "principal appellees," John Smith and Rowena Smith, paid $7,500 for 3,000 shares of stock of Jackson Tool & Die, Inc. Subsequently, they sold the same 3,000 shares for $3,000. They instituted suit in the district court, under the Civil Liabilities provisions of the Securities Act of 1933, for the $4,500 difference, interest and attorney's fees. Joined as defendants were Jackson Tool, its officers, and numerous members of its Board of Directors, including all appellants. Defendants, appellants here, filed third party complaints against the remaining directors and two stock salesmen. The cause of action asserted is quite simple: Section 77e prohibits the use of the mails in the sale of securities where there is no registration statement in effect. Section 77l(1) provides that any person selling a security in violation of 77e is civilly liable to the purchaser for the consideration paid, less the amount of income received from the security.

The shares of stock purchased by plaintiffs were delivered to them through United States Mails and no registration statement was in effect at the time of the sale and delivery. Under these circumstances the plaintiffs have made out a prima facie case against the *seller* of the stock, unless the transactions were exempt. However, in order to prevail against any defendant other than the actual seller, plaintiffs must invoke 77o of the Act—the "control" provision. Pertinent provisions of the Act, insofar as they relate to this appeal, are:

15 U.S.C.A. § 77l:

"§ 77l. Civil liabilities arising in connection with prospectuses and communications

"Any person who—

"(1) offers or sells a security in violation of * * * this title,

*    *    *    *    *    *

shall be liable to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security."

15 U.S.C.A. § 77o:

"§ 77o. Liability of controlling persons

"Every person who, by or through stock ownership, agency, or otherwise, or who, pursuant to or in connection with an agreement or understanding with one or more other persons by or through stock ownership, agency, or otherwise, controls any person liable under sections 77k or 77l of this title, shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist."

15 U.S.C.A. § 77c:

"§ 77c. Exempted securities

"(a) Except as hereinafter expressly provided, the provisions of this subchapter shall not apply to any of the following classes of securities:

*    *    *    *    *    *

"(9) Any security exchanged by the issuer with its existing security holders exclusively where no commission or other remuneration is paid or given directly or indirectly for soliciting such exchange;

*    *    *    *    *    *

"(11) Any security which is a part of an issue offered and sold only to persons resident within a single State or Territory, where the issuer of such security is a person resident and doing business within or, if a corporation, incorporated by and doing business within, such State or Territory."

After all initial and responsive pleadings had been filed, each and every party to this litigation requested summary

judgment. At this stage of the proceedings there were two plaintiffs, eleven defendants and four third party defendants. Affidavits in support of the various motions were filed and there was unanimous agreement that no material factual issue existed. With this assurance, the trial judge proceeded to dispose of all facets of this litigation by summary judgment.

The district court, in sustaining "principal appellees' " motions, awarded them judgment in the sum of $4,926.26 plus interest, costs and attorney's fees. The judgment was against not only Jackson Tool but also against the appellants—Walter L. Stewart, Louis B. Pitts, Jack L. Harris, Wirt A. Yerger, Sr., Dorsey J. Barefield, Bernard L. Tighe, Robert A. Zischke, Jack Zischke, and B. Stirling Tighe. Summary judgment was granted in favor of one original defendant, George Huth. Motions were sustained in behalf of the third party defendants—"secondary appellees" here.

Briefs and arguments in this court make it apparent that complicated issues of material fact do exist, and that only a trial can possibly bring about a resolution. The appellants, of course, now agree that this is so.

■ Section 77c(a) (11), heretofore set out in full, exempts from the registration and prospectus requirements of the Act any security which is a part of an issue offered and sold only to persons resident in a single state. A key question is whether or not the securities purchased by plaintiffs were "part of an issue offered and sold only to persons" within the State of Mississippi. The answer depends on whether or not the stock issued to Albert H. Zischke was "a part of that issue," because it is agreed that all other stock was offered and sold only to residents of Mississippi. Whether an offering is "part of an issue," that is, whether it is an integrated part of an offering previously made or proposed to be made, is a question of fact and depends essentially upon whether the offerings are a related part of a plan or program. It is apparent that when the litigants asserted

that there was no genuine issue that each was assuming the correctness of its factual conclusion. By brief, appellants aver that:

"It is *undisputed* in the record *that* Stock Certificate No. 42, dated June 23, 1959, for *1,500 shares* of the common stock of the corporation *issued to Albert H. Zischke,* a resident of the State of Wisconsin and father of the president of the corporation, *was not a part of the issue.*"

The assertions of the plaintiffs are precisely to the contrary. The record does not give us the answer. The fact that plaintiffs' counsel vehemently assert that the Albert Zischke sale was "a part of the issue" does not foreclose the consideration of this problem any more than the counter-assertion by appellants' attorneys that such is not a fact. The contradiction only emphasizes that a material factual dispute does exist.

Equally fundamental are the factual issues of control and knowledge. Section 77l(a) (1) provides for recovery only against the immediate seller, but 77o provides that a person may be liable if "through stock ownership, agency, or otherwise" he has "control" over a person who is liable. Were the individual defendants and third party defendants controlling persons within the meaning of 77o? The only evidence in the record consists of affidavits. These affidavits actually reflect on their face an unavoidable uncertainty as to many things which have relevance in determining "control."

Still another factual issue looms. If liability exists against Jackson Tool & Die, Inc. or any other appellants, the fact that the stock of said corporation was issued to Albert H. Zischke, a non-resident of Mississippi, would be a determining factor, for it would constitute the sole reason that the intrastate exemption of the Securities Act was not applicable, thus requiring registration with the Securities and Exchange Commission. Several defendants assert by affidavit that they had "no knowledge or reasonable ground to believe" in the existence of the transaction by and between Albert

H. Zischke and Jackson Tool & Die, whereby stock was issued to Albert H. Zischke in exchange for cancellation of an indebtedness due him. Such affidavits pose the factual question: If these defendants were "controlling" persons, are they relieved of liability under the provisions of 77o, holding controlling persons liable,

> "unless the controlling persons had no knowledge of or reasonable ground to believe in the existence of facts by reason of which the liability of the controlled person is alleged to exist."

Summary judgment can be granted only if there is no genuine dispute as to any material fact. This requirement is to be strictly construed so as to insure that factual issues will not be determined without the benefit of the truth-seeking procedures of a trial. (F. R.Civ.P. 56(c), 28 U.S.C.A.). This case bristles with triable issues of fact, precluding the sustaining of either a motion to dismiss or a motion for summary judgment for any party to this appeal.

The judgment of the District Court is reversed and the case remanded for further proceedings.