John Curtis SMITH et al., Plaintiffs-Appellants-Cross Appellees,

v.

JACKSON TOOL & DIE, INC., et al., Defendants-Appellees-Cross Appellants.

No. 27261.

United States Court of Appeals Fifth Circuit.

Nov. 20, 1969.

Bernard W. N. Chill, Jackson, Miss., for appellants.

B. Stirling Tighe, W. Swan Yerger, Jackson, Miss., for appellees; James Leon Young, Jackson, Miss., R. M. Allen, Indianola, Miss., H. Talbot Odom, Greenwood, Miss., of counsel.

Before BROWN, Chief Judge, JONES and CARSWELL, Circuit Judges.

CARSWELL, Circuit Judge:

This case comes to this Court for the second time. In our first decision, we reversed the summary judgments granted below because complicated issues of material fact existed that only a trial could resolve. Jackson Tool & Die, Inc. v. Smith, 339 F.2d 88 (5th Cir. 1964).

Upon remand, the issue before the District Court was whether defendant corporation was liable to plaintiffs under the provisions of section 12(1) of the Securities Act of 1933, 15 U.S.C. § 77*l* (1). This section imposes civil liabilities, even in the absence of fraud, upon any person who offers or sells a security in violation of § 77e of U.S.C., Title 15. Section 77e requires a registration statement to be filed as a condition precedent to the use of the mails and facilities of interstate commerce for the business of trading in securities. Section 77c(a) (11) exempts from these registration requirements securities which are a part of an issue offered and which are sold only to persons resident within a single state if the issuer is also a resident

of that state. Hence, liability under § 77*l*(1) in the present case turned upon the resolution of the question of whether the shares issued to a nonresident were an integrated part of an offering under which plaintiffs had purchased their securities. The District Court held that such issuance to the nonresident was not a related part of the public issue so as to defeat the § 77c(a) (11) exemption. We affirm the judgment below on this issue.

We review briefly the facts.

Through brokers plaintiffs below, residents of Mississippi, made two separate purchasers of common stock from defendant Jackson Tool & Die, Inc., on June 23 and September 15, 1959. In total, plaintiffs paid $7,500 for 3,000 shares of stock. These shares were part of a public offering of 20,000 shares for which a certificate of authority was granted by Mississippi's Secretary of State on April 16, 1959. The shares were not registered under the Securities Act of 1933, 15 United States Code § 77a et seq. The defendant corporation, having come into financial difficulties, was absorbed by the Mississippi Steel Corporation in May of 1960. This company paid plaintiffs $3,000 for their 3,000 shares of defendant's stock. Thereafter, plaintiffs filed this action alleging in their complaint violations of sections 12 (1), 12(2) and 17(a) of the Securities Act of 1933, 15 U.S.C. §§ 77*l*(1), 77*l*(2) and 77q(a), and section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b). Summary judgments were entered in favor of three of the defendants and in favor of plaintiffs in the amount of $4,926.26 plus interest, costs and attorney's fees. The remaining defendants appealed and, as noted above, this Court reversed and remanded for further proceedings.

After the mandate was returned to the lower court, a pretrial conference was held at which an order was entered that limited the trial initially on the cause of action as related to recovery under section 12(1) of the 1933 Act, 15 U.S.C.A. § 77*l*. As indicated above, the question was whether stock issued to Albert Zischke, a resident of Wisconsin, was an integrated part of the offering under which plaintiffs and others, all residents of Mississippi, purchased their shares, so as to defeat the exemption for intrastate sales from the registration requirements of the Act.

Recognizing that the burden was upon defendants to prove that the offering of stock was exempt from registration, the District Court found that defendants met this burden. This finding is supported by the record which shows that in 1957 Albert Zischke, who was in the tool and die business in Wisconsin, loaned to his son, defendant Robert A. Zischke, the sum of $3,000 for the purpose of assisting him in establishing a similar business in Mississippi, and $358.87 to another son, defendant Jack R. Zischke, for travel expenses in connection with entering the business with his brother Robert. The $3,000 loan was assumed by the defendant corporation, being evidenced by a corporate note, and the smaller loan was reflected on corporate books. Prior to the application to the Secretary of State for approval of the public offering, Albert Zischke offered to and did exchange the indebtedness owed him for 1,500 shares of common stock, being evidenced by a certificate dated June 23, 1959. This exchange differed from the sale of the 19,888 shares included in the public offering of 20,000 shares in that purchasers in the public offering paid a fifty cent per share commission or broker's fee and entered into stock subscription agreements with defendant corporation, while Albert Zischke did neither. Also, while the public offering was on the agenda at stockholder meetings, the exchange of the indebtedness of the corporation to Albert Zischke for securities was not.

It is well established that findings of fact as actually made by the trial court cannot be set aside unless clearly erroneous. McAllister v. United States, 348 U.S. 19, 20, 75 S.Ct. 6, 8, 99 L.Ed. 20, 24 (1954); Pennington v. Colonial Pipeline Co., 387 F.2d 903 (5th Cir. 1968).

A search and review of the record in this case convinces us that the above findings were clearly supported by the evidence, and that the findings support the District Court's conclusion that the stock issued to Albert Zischke was not a related part of the public issue so as to defeat the exemption for intrastate sales claimed by defendants. We therefore affirm on this issue.

■ The District Court, however, further found that the above conclusion disposed of all other issues. With this we do not agree and must therefore again remand this case to the District Court for further proceedings on all other issues raised in the pleadings, namely sections 12(2) and 17(a) of the Securities Act of 1933 and section 10(b) of the Securities Exchange Act of 1934. Actions under these sections may be pursued even though the securities are exempt from registration requirements,[1] and plaintiffs below were entitled to be heard on these issues.

When this Court remanded the case to the District Court in 1964, we did not state that the issue of shares to Albert Zischke was the only question involved in this controversy. Several other factual issues were pointed out in our opinion. Jackson Tool & Die, Inc. v. Smith, supra at 90. Plaintiffs below never waived their right to a hearing on other causes of action contained in their complaint. Indeed, the trial judge recognized this at the beginning of the trial upon remand. When the court stated " * * * I think we understand what the issue is," the attorney for plaintiffs replied, "Of course, the plaintiff reserves all other causes of action not encompassed within limitations herein ex-

pressed." Whereupon the court responded, "That is right."

Plaintiffs below, appellants herein, are entitled to be heard on their causes of action under sections 12(2) and 17(a) of the 1933 Act and section 10(b) of the 1934 Act. The judgment of the District Court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

---

[1]. Section 12(2) of the 1933 Act, 15 U.S.C. § 77l(2), specifically contains the phrase "(whether or not exempted by the provisions of section 3 [15 U.S.C. § 77c], other than paragraph (2) of subsection (a) thereof)." Section 10(b) of the 1934 Act provides that it shall be unlawful " * * * to use or employ, in connection with the purchase or sale of any security registered on a national securities exchange *or any security not so registered,* any manipulative or deceptive device * * *" (Emphasis added). Also see Woodward v. Wright, 266 F.2d 108 (10th Cir. 1959); Crooker v. Securities and Exchange Commission, 161 F.2d 944, 947 (1st Cir. 1947); and Demarco v. Edens, 390 F.2d 836 (2nd Cir. 1968).