**John Curtis SMITH et al., Plaintiffs-Appellants-Cross Appellees,**

**v.**

**JACKSON TOOL & DIE, INC., et al., Defendants-Appellees-Cross Appellants.**

No. 27261.

United States Court of Appeals, Fifth Circuit.

May 13, 1970.

Bernard W. N. Chill, Jackson, Miss., for plaintiffs-appellants, cross appellees.

B. Stirling Tighe, W. Swan Yerger, Jackson, Miss., for defendants-appellees, cross appellants.

ON PETITION FOR REHEARING

Before JOHN R. BROWN, Chief Judge, and JONES, Circuit Judge.

PER CURIAM.

It is ordered that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby denied.

Appellees are correct in their assertion that the Court failed to mention in its opinion of November 20, 1969, its ruling upon appellees' cross-appeal and motion to dismiss the appeal for lack of jurisdiction of this Court by reason of appellants' failure to timely take and perfect their appeal. Smith v. Jackson Tool & Die, Inc., 419 F.2d 152 (5th Cir., 1969). We now address ourselves to that issue.

The relevant portions of the proceedings below are as set out herein. After a trial without a jury, the District Court rendered its opinion adverse to the appellants on June 18, 1968, copies of which were received in the offices of all counsel for the parties on or about June 19, 1968. On June 16, 1968, Bernard Chill, counsel for the plaintiffs, had departed for Dublin, Ireland, to attend the International Bar Association Biannual Meeting. Chill was advised by telephone of the opinion and instructed his secretary to send a letter to the District Judge reading in part as follows:

"Mr. Chill is in Ireland attending the International Bar Association meeting and will return to the office on July 17th. He would appreciate it, I am sure, if you would withhold entering an order until he has had a chance to see the same, because I believe that it is his desire, and the desire of his clients, to perfect an appeal."

Copies of this letter were sent to counsel for appellees. In answer to this letter, B. Stirling Tighe, counsel for appellees, wrote the trial judge on June 20, 1968, stating in part

"While I would have no objection to a reasonable delay so as to permit Mr. Chill to examine a draft of the proposed order or judgment to be entered in the case, the defendants would be reluctant to agree to a delay of more than 30 days as indicated by Mr. Chill's letter."

On June 27, 1968, Tighe submitted a proposed judgment to the trial judge, copies of which were distributed to other counsel. Unknown to any of the parties or counsel, the District Judge signed the proposed judgment submitted by Tighe on July 3, 1968, and the same was entered on the Court's docket on that day. The Clerk of the Court inadvertently failed to furnish any notice of the judgment to any of counsel representing the parties in this action.

The fact that none of counsel had knowledge of the entry of the judgment is illustrated by the correspondence of respective counsel directed to the trial judge *after* the judgment had been entered regarding the proper form of judgment which *should* be entered by the Court. Upon return of appellant's counsel's from Ireland on July 17, 1968,

he wrote the trial judge a note on July 22 making certain objections to the *proposed* judgment submitted by Tighe. This note stated in part:

"I have read your opinion which arrived after I had left my office on June 16th, and I have also read the judgment which Mr. Tighe has presented for entry."

In response to this letter, Tighe wrote the District Judge on July 24, 1968, closing said letter by saying

" * * * the judgment submitted adheres to the decision of the Court made upon a consideration of all issues of the case, and the same *should,* therefore, be entered as the judgment of the Court." (Emphasis added)

On September 5, 1968, three days after the final period for appeal had expired, Chill received a letter from Arlo Temple advising Chill that he had been informed by Tighe that the time for appeal in the present case had expired. This was the first time Chill had any knowledge that a judgment had been entered. Immediately thereafter, on September 6, 1968, Chill filed a motion to extend the time for appeal and a motion to vacate judgment, with affidavits stating that he had no prior knowledge of the entry of judgment. Tighe opposed the motion with a counter affidavit stating that his first knowledge that judgment had been entered was approximately two weeks prior to the filing of the motions above mentioned.

After a hearing, and on September 16, 1968, the trial judge granted the latter motion and vacated the judgment entered on July 3rd. Subsequently, on September 23, 1968, the Court entered a new judgment. The two judgments differed in the language used, but the results were the same. Appellants filed a motion to alter and amend judgment on October 3, 1968. On October 10, 1968, appellees filed a motion for attorney's fees. The motion to alter and amend was overruled on October 22, 1968, and appellants filed notice of appeal on November 18, 1968.

Appellees' contention in its motion to dismiss and cross-appeal is that the action of the District Court in vacating the original judgment and reentering the same was beyond the authority of the District Court and in circumvention of provisions of 28 U.S.C. § 2107 and Rule 4(a) of the Federal Rules of Appellate Procedure. These provisions provide that appeal must be filed with the Clerk of the District Court within 30 days of the date of the entry of the judgment, and that, upon a showing of excusable neglect, the District Court may extend the time of filing for a period not to exceed 30 days from the expiration of the first 30 days. Rule 77(d) is cited to show that failure of the Clerk to send notice does not affect the time for appeal or authorize the Court to relieve a party for failure to appeal within the time allowed. Admittedly, this motion to vacate was made 4 or 5 days after the second 30 days had elapsed.

Appellees cite numerous cases in support of their position that the motion to vacate cannot be granted as a device to extend the time for appeal. Only one case, Lord v. Helmandollar, 121 U.S.App. D.C. 168, 348 F.2d 780 (1965), directly pertains to the motion to vacate. The others concern an application for extension of the time for appeal.

Appellants contend that the District Court found that basic justice required that it take the *action it did*—setting aside the judgment entered on July 3, 1968—and that such action is authorized under Rule 60(b) of the Federal Rules of Civil Procedure providing that upon motion and upon such terms as are just, the court may relieve a party from a final judgment for the following reasons, (1) mistake, inadvertence, surprise or excusable neglect, * * * or (6) any other reason justifying relief from the operation of the judgment.

We are fully aware that various cases have held that a motion to vacate cannot be granted for the sole purpose of extending the time for appeal nor can it be invoked as a substitute for appeal.

Yet, we must also recognize that where the net result of adhering to the letter of the rules of procedure is to thwart rather than to promote justice, the Court must be wary of their rigid application. A federal court should not be handicapped in unusual cases by federal rules which are to be liberally construed to achieve justice. Byron v. Bleakley Transportation Co., 43 F.R.D. 413 (S.D. N.Y., 1967).

 The policy of finality of judicial proceedings is, and indeed it should be, a strong one, but in the face of unusual factors, equitable principles encompassed within Rule 60(b) justify further inquiry. Rule 60(b) (6) provides that the trial court may grant relief for "any other reason justifying relief from the operation of the judgment." It has been said that this rule's purpose is to make available those grounds which equity has long recognized as a basis for relief. Bros Incorporated v. W. E. Grace Manufacturing Co., 320 F.2d 594 (5th Cir., 1963).

In ruling on a motion to vacate, equitable considerations including lack of prejudice to defendant and prejudice to plaintiff must be given consideration. And often, the interest of ruling on a motion on the merits outweighs the interest in orderly procedure and in the finality of judgments.

With these principles in mind, we conclude that the District Court's action was not reversible error. It is a well established rule that error is not a ground for reversal unless it be prejudicial. Appellees can hardly claim surprise at appellant's desire to appeal this decision, since from the time the trial court rendered its opinion on June 18, 1968, there was every indication that appellants, as the losing parties, would appeal. Nor can appellees claim prejudice. This case has been going on for 9 years. An extension of the time for appeal for four or five days longer does not prejudice appellees. The trial judge determined, after having two letters addressed to him indicating that neither

party was aware that a final judgment had been entered, that substantial justice required the vacating of the original judgment. Under the circumstances of this particular case, we cannot say that this was an abuse of discretion but was in accord with the spirit and import of Rule 60.