H.R. Ambrose TESSMER,
Plaintiff–Appellant,

v.

Rebecca WALKER, Individually and in
her capacity as Property Appraiser of
Palm Beach County, Defendant–Appellee.

No. 86–5147.

United States Court of Appeals,
Eleventh Circuit.

Dec. 7, 1987.

Lynn E. Szymoniak, Cullen & Szymoniak, P.A., Mark A. Cullen, Lake Worth, Fla., for plaintiff-appellant.

Gaylord A. Wood, Jr., Ft. Lauderdale, Fla., for defendant-appellee.

Before RONEY, Chief Judge, HATCHETT, Circuit Judge, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

H.R. Ambrose Tessmer appeals from the district court's order denying postjudgment relief under Rule 60(b) of the Federal Rules of Civil Procedure. In the circumstances of this case, the district court should have vacated and reentered its judgment on the merits to restart the period for filing a notice of appeal.

The issue in the case is whether plaintiff Tessmer's attorney acted reasonably in trying to determine when the judgment was filed so that an appeal could be taken. The facts are not in dispute. After a bench trial in this Title VII employment discrimination suit concluded on May 23, 1985, the district court entered judgment in favor of the defendant on June 12, 1985. The district court clerk did not send notice of the

entry of the order to either party as required by Fed.R.Civ.P. 77(d).

Within two weeks after the trial, however, Tessmer's counsel telephoned the trial judge's chambers to determine if judgment had been entered. Tessmer's counsel was told to direct all inquiries to the clerk's office. The clerk's office, in turn, told counsel that no final judgment had been entered, stating that "the last matter entered on the docket sheet was the summary judgment." Tessmer's counsel telephoned the clerk's office every month to insure that Tessmer would be able to file a timely notice of appeal, but was told consistently that no final judgment had been entered. In December 1985, Tessmer's counsel again called the district judge's chambers and was informed that a final judgment had been entered nearly six months earlier. Apparently the clerk's office had lost the second page of the docket sheet showing the entry of the final judgment.

Promptly after learning of the entry of the final judgment, Tessmer filed a motion under Fed.R.Civ.P. 60(b)(1) and (6) requesting the district court to vacate and reenter the June 12 order to restart the time for perfecting an appeal. At this time, defendant Walker filed a motion to recover attorney's fees and costs. On January 27, 1986, the district court denied Tessmer's Rule 60(b) motion, refused to award Walker attorney's fees, but awarded her costs.

In denying Tessmer's Rule 60(b) Motion for Relief From Judgment, the district court found that Tessmer's counsel had not exercised due diligence in monitoring the status of the case because the clerk's office had told Tessmer's counsel that "the last matter entered on the docket sheet was the summary judgment." The last entry on the first page of the docket sheet was Tessmer's April 17, 1985 Memorandum of Law in Opposition to Walker's Motion for Summary Judgment. On the missing second page, there were eleven subsequent docket entries before the June 12 judgment. These docket entries included Tessmer's Proposed Findings of Fact and Trial Memorandum. Thus, the district court concluded that Tessmer's counsel should have

been on notice of a possible docketing error and should have examined the court records rather than relying on telephone information.

On February 24, 1986, Tessmer filed a notice of appeal from both the June 12, 1985 judgment and the January 27, 1986 order. Another panel of this Court granted Walker's motion to dismiss the appeal of the first judgment which dealt with the merits of the claim, on the ground that the appeal was untimely. Therefore, only the appeal of the January 27 order denying Rule 60(b) relief is before this Court.

Rule 60(b) authorizes the district court to grant a party relief from a final judgment, upon such terms as are just, for "(1) mistake, inadvertence, surprise, or excusable neglect ... or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). Motions under this rule are directed to the sound discretion of the district court. Appellate review, therefore, is limited to whether the district court abused its discretion in denying the motion. *Griffin v. Swim–Tech Corp.*, 722 F.2d 677, 680 (11th Cir.1984); *Phillips v. Insurance Co. of North America*, 633 F.2d 1165, 1167 (5th Cir. Unit B 1981). Despite this deferential standard, this Court has observed:

> The provisions of this rule must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments and the 'incessant command of the court's conscience that justice be done in light of *all* the facts.' *Banker's Mortgage Co. v. United States*, 423 F.2d 73, 77 (5th Cir.), *cert. denied*, 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970) (emphasis in original).

*Swim–Tech*, 772 F.2d at 680. *See also* 11 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2872 at 261–62 (1973).

This Court has held consistently that the clerk's failure to provide notice of the entry of a judgment is not itself sufficient grounds for the vacation of that judgment under Rule 60(b). *See, e.g., Tucker v. Commonwealth Land Title Insurance Co.*, 800 F.2d 1054, 1056 (11th Cir.1986). Indeed, Fed.R.Civ.P. 77(d) expressly states

that "lack of notice by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed."

■ While nonreceipt of notice from the clerk is thus not a dispositive factor in a Rule 60(b) inquiry, it is nevertheless a circumstance which may militate in favor of granting such a motion, when coupled with certain other considerations. These include lack of prejudice to nonmoving party, prompt filing of the Rule 60(b) motion after actual notice of the entry of judgment, and due diligence by counsel in seeking to be informed of the entry of judgment. *Harnish v. Manatee County,* 783 F.2d 1535 (11th Cir.1986). Rule 60(b) relief is appropriate when "unusual" or "exceptional" circumstances are created by a combination of the above-factors. *Fidelity & Deposit Company of Maryland v. USA-FORM Hail Pool, Inc.,* 523 F.2d 744 (5th Cir.1975), *cert. denied,* 425 U.S. 950, 96 S.Ct. 1725, 48 L.Ed.2d 194 (1976); *Smith v. Jackson Tool & Die, Inc.,* 426 F.2d 5 (5th Cir.1970).

Tessmer promptly filed the motion to vacate and reenter judgment after receiving notice of the June 12 judgment. Walker can make no claim of prejudice because she did not know the judgment had been entered.

It can hardly be disputed that Tessmer's counsel was diligent in monitoring the status of this case through monthly telephone inquiries to the clerk. *Cf. Case v. BASF Wyandotte,* 737 F.2d 1034 (Fed.Cir.) (where counsel failed to make inquiries on case in 30-day intervals, Rule 60(b) motion properly denied), *cert. denied,* 469 U.S. 982, 105 S.Ct. 386, 105 S.Ct. 386 (1984). The question is whether counsel should have guessed that the judgment had been entered when the clerk stated otherwise.

This is not simply a case of the clerk's failure to advise counsel of the entry of the judgment as required by Rule 77(d). The clerk gave inaccurate information to Tessmer's counsel. There seems to be no plausible argument why counsel should not be able to rely on the positive statement of the clerk's office. Telephone inquiry would seem to be a reasonable way to monitor the case because the distance between counsel's law office and the clerk's office was over 100 miles, round trip. Even if counsel had looked at the clerk's available records, counsel could not have learned of the critical date upon which judgment was entered until the lost docket sheet was found. Finding the docket sheet was the clerk's responsibility, not counsel's.

It appears that in deciding that counsel should have personally inspected the docket sheet, and should have somehow found the lost docket sheet, the district court required a higher standard of diligence than usual for Rule 60(b) relief.

Tessmer also argues that this Court has jurisdiction to review the merits of her Title VII suit because the January 27 order denying Walker's motion for attorney's fees, and not the June 12 order, constituted the true final, appealable judgment. Whether the June 12 judgment or the January 27 order constituted the final decision of the district court depends on whether attorney's fees are collateral to or an integral part of the merits of the case. *See McQurter v. City of Atlanta,* 724 F.2d 881, 882 (11th Cir.1984). In light of the disposition of Tessmer's Rule 60(b)(6) contention, however, the Court need not reach this issue.

REVERSED and REMANDED.