**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————

No. 23-12793

————————————

MICHAEL R. MOSIER,

*Plaintiff-Appellant,*

*versus*

GEORGIA DEPARTMENT OF CORRECTIONAL
HEALTHCARE/AUGUSTA UNIVERSITY HOSPITAL, et al.,

*Defendants,*

GLOBAL ECONOMIC OPPORTUNITIES GROUP INC,
  a.k.a. GEO GROUP, INC.,
TAMMY BAILEY,
  Health Sevices Administrator,
DR SAMUEL RAYAPATI,
  Physician,
WUBA ZEGEYE,
PAMALA MALCOLM,
  Licensed Practical Nurses,

*Defendants-Appellees.*

———————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:20-cv-00308-TES-MSH

———————————

Before BRANCH, LUCK, Circuit Judges, and SCHLESINGER,[*] District Judge.

PER CURIAM:

On February 22, 2018, Michael Mosier suffered a stroke while incarcerated at Riverbend Correctional Facility ("RCF"). Mosier called for aid and received it: medical staff gave him a physical evaluation, administered tests and treatment, and sent him to a hospital. There, the hospital staff diagnosed Mosier as suffering a stroke and treated his condition.

After his treatment concluded, Mosier sued RCF and its staff under 42 U.S.C. § 1983, claiming that they violated his constitutional rights because they were deliberately indifferent to his medical needs. The district court dismissed several counts for failure to state a claim and granted summary judgment as to the remainder.

Mosier now appeals, alleging that several of the district court's rulings were incorrect and indicate that the court was unconstitutionally biased against him because he is an indigent, *pro se* plaintiff. The district court did not err on any count. The district

———————————

[*] The Honorable Harvey Schlesinger, United States District Judge for the Middle District of Florida, sitting by designation.

court's decisions do not suggest bias and it consistently reached conclusions within its broad discretion. Thus, after careful review, and with the benefit of oral argument, we affirm the district court.

## I.    BACKGROUND[1]

### A.  Mosier's Stroke and Treatment

On February 22, 2018, Mosier was incarcerated at RCF, a Georgia Department of Corrections ("GDOC") prison operated by GEO Group, Inc. ("GEO Group"). Around 5:30 p.m., he reported to a correctional officer that he needed medical assistance. The officer called for assistance, and two nurses, Pamala Malcom and Wuba Zegeye, arrived shortly thereafter. Mosier told them that he was suffering a stroke; after an assessment, Malcom recorded that Mosier was suffering stroke-like symptoms.

Mosier was then brought to RCF's medical unit as the medical staff began ruling out alternative diagnoses for his symptoms. Tests administered by the medical staff did not confirm that Mosier was suffering a stroke, so the medical staff kept him under observation, and eventually Malcom consulted the on-call

---

[1] This opinion concerns the GEO Group Movants' motion for summary judgment which Mosier did not oppose. In determining whether an unopposed motion for summary judgment should have been granted, we "confine our review of the record to the materials submitted by the [defendants] in support of their summary judgment motion. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009). Thus, the facts as recounted in this opinion are drawn from the GEO Group Movants' unopposed statement of material facts in support of their motion for summary judgment.

physician.  Based on the consultation, Malcom had Mosier sent by non-emergency vehicle to a local hospital.

Mosier arrived at the local hospital at approximately 8:55 p.m. where a physician noted he was suffering "mild" symptoms, including left facial droop, headache, dizziness, and weakness on his left side.  Ultimately, after transfer to Augusta University Hospital ("AU"), Mosier was diagnosed with a stroke.  After treatment to stabilize his stroke symptoms, Mosier was then transferred to Augusta State Medical Prison ("ASMP"), where his treatment continued.  Five days after arriving at ASMP, Mosier requested to be released back to RCF.

In the following months, Mosier was readmitted and transferred between AU and ASMP several times to treat a second stroke and other medical complications and symptoms.  Mosier was eventually discharged back to RCF on May 1, 2018.

Mosier submitted several requests to RCF administration for medical records related to his treatment.  He also filed a grievance against Tammy Bailey, Health Services Administrator at RCF, alleging that she was blocking access to his medical records.

## B.  Procedural History

On January 30, 2020, Mosier, proceeding *pro se*, filed his complaint with the district court.  Pursuant to § 1983, Mosier claimed that GEO Group, Bailey, Malcom, and Zegeye were deliberately indifferent to his medical needs by ignoring his stroke symptoms and delaying proper treatment and transport to a hospital, all of which violated his Eighth Amendment rights.  He

23-12793              Opinion of the Court                3

also alleged Dr. Rayapati's deliberate indifference in prescribing a different diet than had been previously prescribed, and that the new diet caused dizziness and vertigo.

On February 16, 2021, following review of Mosier's complaint under 28 U.S.C. § 1915A(a), the magistrate judge issued his report and recommendation advising the district court to dismiss several of Mosier's claims. On April 12, the district court adopted the magistrate judge's report and recommendation in part, dismissing all of Mosier's claims except for his Eighth Amendment deliberate indifference claims against defendants Bailey, Malcom, and Zegeye. The effect of the district court's April 12 order was to dismiss several defendants from the lawsuit, including GEO Group. Yet on April 29, 2021,[2] Mosier filed his objections to the magistrate judge's report and recommendation. After considering the late-filed objections, on May 26 the district court modified its adoption of the magistrate judge's report and recommendation by reviving Mosier's Eighth Amendment deliberate indifference claims against defendants Rayapati and

_____

[2] Under the "mailbox rule," a pleading is considered filed by an inmate on the date it was delivered to prison authorities for mailing, which—absent contrary evidence—is the date it was signed. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). For the remainder of this opinion, the referenced filing dates for Mosier's motions and other materials are the dates they were signed, rather than the dates they were filed by the district court.

4                    Opinion of the Court                23-12793

GEO Group, but confirming its dismissal of the rest of Mosier's claims. [3]

The day after the district court dismissed GEO Group from this lawsuit, GEO Group's attorneys issued a subpoena to GDOC. Mosier moved to quash the subpoena on April 22 because GEO Group was a non-party. After adding GEO Group back to the action as a defendant, on June 18 the magistrate judge denied Mosier's motion to quash, reasoning that "[r]equiring re-issuance and re-service . . . would not promote judicial economy."

During discovery, the magistrate judge held several hearings concerning discovery disputes the parties raised. Relevant to this appeal, a hearing was held on July 14, 2022, concerning two of Mosier's motions to compel. The magistrate judge denied one motion as moot and granted the other in part.

Following discovery, all defendants moved for summary judgment, but did so in two separate motions. First, on February 13, 2023, Dr. Rayapati moved for summary judgment. [4] Second, on

---

[3] Specifically, the district court dismissed Mosier's claims about violation of the Equal Protection Clause, his administrative grievance claims, his retaliation claims, and his claims against prison officials at another prison.

[4] On appeal, Mosier argues that we should overturn the district court's grant of summary judgment in favor of Dr. Rayapati. However, as Dr. Rayapati points out in his motion for summary affirmance (which we carried with this appeal), nowhere in Mosier's opening brief does he make any identifiable argument concerning the merits of the district court's grant of summary judgment in Dr. Rayapati's favor. By making no argument at all, Mosier abandoned his appeal of the district court's grant of summary judgment to Dr. Rayapati. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir.2009). Thus,

23-12793                Opinion of the Court                5

March 20, 2023, Malcom, Bailey, and GEO Group Inc. (together, "GEO Group Movants") also moved for summary judgment.

On March 16, 2023, Mosier moved for a time extension to oppose Dr. Rayapati's motion (not GEO Group Movants' motion), claiming inadequate discovery. Mosier's five-page motion contained extensive record and legal citations. On March 27, 2023, the magistrate judge granted Mosier's requested extension and gave him until April 20, 2023—the same day as Mosier's deadline to respond to the GEO Group Movants' motion for summary judgment—to respond to Dr. Rayapati's motion. In doing so, the magistrate judge cautioned Mosier that he would grant no further extensions:

> "[T]he Court will provide [Mosier] with **ONE FINAL CHANCE** to respond to Dr. Rayapati's motion for summary judgment. There will be no further extensions, either to respond to Dr. Rayapati's motion or to the motion for summary judgment filed by Defendants GEO Group, Inc., Bailey, and Malcolm. If Plaintiff has any objections, he can certainly file them, but they should not be in lieu of a response to the motions for summary judgment."

(emphasis in original) (citations omitted). Mosier filed his opposition to Dr. Rayapati's motion for summary judgment on

---

we grant Dr. Rayapati's motion for summary affirmance and affirm the district court.

April 20, 2023, meeting the deadline set by the magistrate judge's order.

Despite the magistrate judge's order, on April 12, 2023, Mosier made another request for a time extension, this time to respond to the GEO Group Movants' motion for summary judgment (the day before the deadline for his response). Mosier's request was 12 pages long, composed of 33 paragraphs with extensive medical background and legal research. The magistrate judge denied the request because Mosier "has presented no valid grounds for an extension and clearly has the ability to file a timely response."

Nevertheless, on May 2, 2023, Mosier made a renewed motion for a time extension to respond to the motion for summary judgment from the GEO Group Movants. The same day the magistrate judge received the motion, May 11, he granted Mosier a further extension until June 5, 2023. But the magistrate judge noted that Mosier's motion requesting an extension was over 11 pages, with numerous arguments and supporting citations to authority, suggesting that Mosier had already received enough time to respond to the GEO Group Movants. Thus, the magistrate judge stated that "[a]ny response filed after this [June 5, 2023] deadline will not be considered." Mosier filed no brief by the June 5 deadline.

On July 5, 2023, a month after the June 5 deadline, the magistrate judge issued a new report and recommendation, recommending that the district court grant both summary

judgment motions in full.  On July 26, 2023, having received no opposition from Mosier concerning the magistrate judge's recommendations, the district court adopted the report and recommendation in full and entered judgment for the defendants.

On July 20, 2023, Mosier moved for leave to oppose the GEO Group Movants' motion for summary judgment and submitted his proposed opposition brief and exhibits.  In a text only order, the magistrate judge denied Mosier's motion without further explanation.

On July 24, 2023, Mosier filed a motion and affidavit urging the district and magistrate judges' recusal for bias under 28 U.S.C. § 144.  On August 17, 2023, before the district court addressed the § 144 motion and affidavit, Mosier filed a notice of appeal.

## II.    STANDARD OF REVIEW

We review denials of extensions of time and refusals to consider a plaintiff's untimely responsive filings for abuse of discretion.  *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 863 (11th Cir. 2004) (affirming summary judgment and holding that the district court did not abuse its discretion in denying the plaintiff's fifth request for an extension of time and refusing to consider the plaintiff's untimely responses to the defendants' summary judgment motions).  Under this standard, "[t]he district court has a range of options; and so long as the district court d[id] not commit a clear error in judgment, we will affirm the district court's decision."  *Id.*

8                    Opinion of the Court                    23-12793

We review the denial of a discovery motion for abuse of discretion. *Moorman v. UnumProvident Corp.*, 464 F.3d 1260, 1264 (11th Cir. 2006); *see also United States v. Atkins*, 528 F.2d 1352, 1357 (5th Cir. 1976). We accord wide discretion to district court judges in their rulings on discovery motions, and review on appeal is accordingly deferential. *Iraola & CIA, S.A. v. Kimberly–Clark Corp.*, 325 F.3d 1274, 1286 (11th Cir. 2003). We give the same deference when reviewing a subpoena's quashing for abuse of discretion. *In re Hubbard*, 803 F.3d 1298, 1307 (11th Cir. 2015).

We review the grant of summary judgment *de novo*. *Home Legend, LLC v. Mannington Mills, Inc.*, 784 F.3d 1404, 1408 (11th Cir. 2015). We view all evidence and draw all inferences in the light most favorable to the non-moving party, and summary judgment is appropriate only if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Id.*; Fed. R. Civ. P. 56(a).

## III.    DISCUSSION

Mosier's arguments on appeal consolidate into four distinct claims.[5]    First, that the district court and magistrate judge

---

[5] Mosier filed two opening briefs and two reply briefs in this appeal: both a counseled opening and reply brief, and a *pro se* opening and reply brief. As to the opening briefs, on January 29, 2025, we ordered that "[Mosier's *pro se*] brief filed on July 26, 2024 will act as the operative appellant's brief." As to the reply briefs, only the counseled reply brief responds to the defendants' opposition to the operative opening brief (the *pro se* reply brief responds to an earlier version of the defendants' opposition brief which opposed the inoperative

23-12793               Opinion of the Court                9

improperly denied his motions for further extensions of time to file his opposition to the GEO Group Movants' motion for summary judgment. Second, that the district court abused its discretion by issuing certain discovery orders that violated his constitutional rights to due process and equal protection. Third, that the district court and magistrate judges are biased against him. And fourth, that the district court erred in granting summary judgment to the defendants. We address each in the order set out above.

### A. Motion for Leave to Respond

Mosier argues that the district court abused its discretion in denying his July 20, 2023, motion—his third—for leave to file his late response to the GEO Group Movants' motion for summary judgment because the district court should have treated the motion either as objections to the report and recommendation or as a motion for reconsideration of its order granting summary judgment. When district courts grant multiple extensions of time, we are less likely to find a subsequent extension's denial is an abuse of discretion. *See Young*, 358 F.3d at 864. The same applies when a court grants extensions even "after a warning that no further extensions would be granted." *Id.* We decline to reverse the district court for the following reasons.

First, the district court did not abuse its discretion in not considering Mosier's motion as objections to the magistrate judge's

---

counseled opening brief.) Thus, Mosier's arguments are drawn from his *pro se* opening brief and his counseled reply brief.

report and recommendation, because he clearly knew how to file such objections.  When the magistrate judge issued his February 16, 2021, report and recommendation advising the district court to dismiss certain of Mosier's claims, Mosier correctly filed "Objections to Magistrate's Order and Recommendation."  Here, with the magistrate judge's report and recommendations in hand, Mosier failed to file objections.  The district court was within its discretion not to treat the filing as objections to the magistrate judge's report and recommendation, instead considering the motion for leave to file a late response to be just that.

Second, the district court did not abuse its discretion in treating Mosier's motion exactly as it was styled—as a motion for leave to file a late summary judgment brief—and denying it because Mosier had persistently disregarded the district court's generous deadlines despite evincing a capability to comply with such deadlines.  Mosier waited four months to mail his motion for leave.  During that period, the magistrate judge gave Mosier two extensions of time to respond to the GEO Group Movants' motion for summary judgment.  He first extended Mosier's deadline to April 20, 2023, writing that this extension was Mosier's "one final chance" and that "[t]here will be no further extensions" to respond to either of the defendants' summary judgment motions.  Despite the magistrate judge's warning, after Mosier missed the April 20, 2023, deadline, the magistrate judge still granted Mosier a further month and a half extension of time to respond by June 5, 2023.  This time, the magistrate judge warned Mosier that "[a]ny response filed after this [June 5, 2023] deadline will not be considered."  Still,

Mosier missed the July 5, 2023, deadline by over two weeks, filing his motion for leave and his opposition brief on July 20.

We faced a similar situation in *Young*, when we affirmed a district court's denial of a motion for leave to file a late summary judgment brief. 358 F.3d at 864. In *Young*, we found that the district court had been "generous" to the plaintiff. *Id*. In total, there the district court had given plaintiffs "almost three months to respond from the date on which defendants filed their motions for summary judgment," and in that time had "granted four extensions of time— one of which was granted after a warning that no further extensions would be granted." *Id*. As in *Young*, here the district court was generous, granting numerous extensions (including one extension after warning no more extensions would be forthcoming) and giving Mosier three and a half months to respond to the GEO Group Movants' motion for summary judgment.[6]

Furthermore, Mosier showed that he was otherwise capable of meeting the court's deadlines. During that period of four months, Mosier filed his opposition to Dr. Rayapati's motion for

---

[6] To be sure, the plaintiff in *Young* was counseled, while Mosier proceeded *pro se*. But while courts should leniently read the briefs and arguments *pro se* parties, *see GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir.1998), *overruled on other grounds by, Swann v. S. Health Partners, Inc.*, 388 F.3d 834 (11th Cir.2004), "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Thus, Mosier's *pro se* status has no bearing on our analysis here, and *Young's* holding and analysis are directly relevant to the issues here.

12                    Opinion of the Court                    23-12793

summary judgment—containing extensive references to authority and the record—as well as three motions for extensions of time. As the magistrate judge pointed out, his motions for extensions of time were lengthy and supported by numerous arguments, background facts, and citations to supporting authority. Based on this record, the magistrate judge concluded that Mosier "clearly ha[d] the ability to file a timely response," so we cannot say the district court made a clear error in judgment.

In sum, "[i]n the courts, there is room for only so much lenity." *Id.* After months of delay, two extensions, and two warnings that it would not consider late filings, we cannot say that the district court abused its discretion in denying Mosier's motion for leave to file a tardy opposition brief.[7]

### B.  The Discovery Orders

Mosier argues that the district court abused its discretion during discovery in three ways: it should have quashed an untimely subpoena, it "ambushed" Mosier by compelling his participation in a discovery hearing he received no notice of, and the district court's

---

[7] Mosier did not file a Rule 60(b) motion below. However, he argues on appeal that his motion for an extension of time to answer the GEO Group Movants' motion for summary judgment should have been liberally construed as a Rule 60(b) motion because he is a *pro se* plaintiff. However, as explained above, the district court was correct in treating his motion for leave to respond as such. Accordingly, the district court was not obligated to *sua sponte* read it as a Rule 60 motion. In any event, Mosier would not be entitled to relief under Rule 60. *See* Fed. R. Civ. P. 60(b); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

administrative personnel falsified (or at least incorrectly categorized) certain docket entries and filings.[8] None of these claims support a finding that the district court abused its discretion.

First, Mosier argues that the court should have quashed GEO Group's April 13 subpoena because it was "served on a non-party, by a non-party." The district court declined to quash, as once the GEO Group was re-added to the proceedings and entitled to issue the discovery, "requiring re-issuance and re-service . . . would not promote judicial economy," and further ordered that Mosier receive a copy of any document GEO Group discovered pursuant to the subpoena. Considering the district court's broad discretion, and because GEO Group as a party to the case was entitled to this discovery, there is no basis for finding an abuse of discretion. *See In re Hubbard*, 803 F.3d at 1307.

Second, Mosier argues that the magistrate judge scheduled several evidentiary hearings concerning various motions to compel discovery—which the court ultimately denied—without providing

---

[8] In his reply brief, Mosier also makes another argument: that the district court granted summary judgment while a motion to compel records remained unresolved. This argument was raised for the first time in his reply brief, and so we need not address it. *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005). In any event, the argument is unpersuasive: the magistrate judge had already denied a substantively equivalent motion to compel from Mosier because GDOC had "notified the [c]ourt that it had complied with the [c]ourt's [discovery] order." We will not disturb the district court's order, which is well within its discretion. *Iraola & CIA, S.A.*, 325 F.3d at 1286 ("District judges are afforded wide discretion in ruling upon discovery motions, and appellate review is accordingly deferential.").

14                       Opinion of the Court                     23-12793

him adequate notice of the hearings, and that GDOC routinely interfered with his preparation for the hearings. Yet Mosier attended the hearings—making clear he was at least at some point made aware they were occurring—and he does not specify when he received notice. Nor does he specify the prejudice to his interests that he suffered due to the alleged lack of notice or the inability to prepare, other than that the motions were not granted (which is not the kind of prejudice that would entitle him to relief) and that he had to attend at least one hearing without his case files and notes. By failing to articulate the cognizable harm he suffered, Mosier has not shown that the court's management of the hearings and denial of Mosier's motions somehow fell outside the broad range of choice open to the district court under these circumstances. *See Holloman v. Mail-Well Corp.*, 443 F.3d 832, 844 (11th Cir. 2006) (affirming denial of motions to compel additional discovery as falling within the district court's "broad range of choice") (quotation omitted)).

Finally, Mosier alleges that several district court docket entries were deliberately entered incorrectly by the clerk of the court to conceal information from him and to prevent him from prosecuting his case. Even assuming the truth of these allegations—of which Mosier offers no concrete proof—Mosier does not make any showing that these incorrect entries resulted in prejudice to his case beyond mild inconvenience. Absent such a showing, Mosier is not entitled to any relief. *Cf. Tessmer v. Walker*, 833 F.2d 925, 927 (11th Cir. 1987) (reversing a district court's denial of leave to file a notice of appeal in part because the clerk's office

misled counsel by incorrectly informing him that the district court had not yet entered judgment).[9]

## C. Bias

Mosier argues that both the magistrate and district court judges were biased against him and should have been replaced in presiding over the proceedings below pursuant to 28 U.S.C. § 144.[10] Although Mosier makes numerous accusations, he does not point to any specific evidence of bias or prejudice by the judges beyond the various adverse rulings they entered below, which are an inadequate basis for a claim of bias. In any event, we do not reach the merits of Mosier's bias claims because Mosier filed his notice of appeal too quickly after filing his § 144 motion for recusal, divesting the district court of jurisdiction before it could decide the motion (and before the defendants could even respond to Mosier's motion). *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal . . . divests the district court

---

[9] Mosier also argues that he is entitled to additional discovery, and without it, summary judgment was premature. Mosier cites Fed. R. Civ. P. 56(d) in support of this argument, but he did not raise this issue below on motion or otherwise. Thus, we decline to consider this issue on appeal. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1354 (11th Cir. 2013) (holding that arguments not raised below are waived for appeal).

[10] Section 144 reads, in relevant part, that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144.

of its control over those aspects of the case involved in the appeal."). As such, we are left without a record for review.

### D. Summary Judgment

Finally, Mosier asks us to reverse the district court's grant of the GEO Group Movants' motion for summary judgment. But Mosier failed to properly raise any argument for reversal of this grant of judgment on the merits in his opening brief. Accordingly, we affirm the district court.

"A party fails to adequately brief a claim when he does not plainly and prominently raise it, for instance by devoting a discrete section of his argument to those claims." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotations omitted); *see Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir.2009) (explaining that "an appellant's brief must include an argument containing appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies," and that "simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal" (quotation marks omitted)). This rule applies to *pro se* litigants too. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." (citation omitted)). Mosier argues in his opening brief that there are genuine disputes of material fact justifying reversal of the grant of summary judgment, but he points to no facts or record cites, let

alone any substantive argument, in support of this claim. This conclusory statement falls far short of plainly and prominently raising an argument and dooms his argument.[11] *See Sapuppo*, 739 F.3d at 681.

## IV.    CONCLUSION

For the reasons above, we reject each of Mosier's challenges and affirm the district court's orders and judgments below.

**AFFIRMED.**

---

[11] To be sure, Mosier makes a complete argument in his reply brief as to one defendant: that a genuine dispute of material fact exists concerning whether Malcom was deliberately indifferent to his medical needs. But because Mosier did not properly raise the argument in his opening brief, he cannot rescue it in his reply brief. "Those arguments come too late." *Sapuppo*, 739 F.3d at 683 (declining to consider arguments raised fully in a reply brief where the opening brief only mentioned the argument superficially).